L. B. PAYNE, *Appellee,* v. A. A. BARLOW AND THE STATE OF KANSAS (*Interpleader*), *Appellants.*

No. 17,003.

SYLLABUS BY THE COURT.

1. SCHOOL LAND—*Authority to Lease—Validity of Statute—Title.* The provisions of chapter 241 of the Laws of 1899, giving authority to certain officers to lease school lands, are not obnoxious to section 16 of article 2 of the constitution, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title."

2. —— *Appraisement—Authority to Lease.* An appraisement of school lands within five years next preceding the execution of a lease thereon is not a condition precedent to the exercise of the power to lease.

3. —— *Appraisement—Change of Rentals.* A lease of school lands for a term exceeding five years is, under the restriction imposed by section 5 of article 6 of the constitution, subject

to revaluation every five years; that is, a lease is burdened with the condition that the rentals may be changed at each valuation.

Appeal from Haskell district court.  Opinion filed February 11, 1911.  Affirmed.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, *John S. Dawson,* and *R. J. Hopkins,* for the state.

*W. C. Pearce,* and *Hopkins & Hopkins,* for A. A. Barlow.

*O. H. Foster, Edgar Foster, H. O. Trinkle,* and *Fred J. Evans,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action arose out of the rival claims of a lessee and a settler upon school land. The plaintiff, Payne, held a lease of the land in question, made by the board of county commissioners, the county superintendent of public instruction and the county treasurer, on the 7th day of January, 1907, for a term of five years. The lessee used the land as a sheep pasture during the grazing seasons of 1907 and 1908, herding his sheep thereon. He made no improvements except to plow two furrows as a fireguard on the east and west sides of the tract. The sheep were taken off in October, 1908, leaving no visible signs of occupancy except the fireguard and the indications of grazing. On the 5th day of December, 1908, the defendant, Barlow, entered upon the land to effect a settlement as provided by law upon school land, and made improvements thereon and occupied the land as such settler. He was qualified to obtain the title thereto if the land was subject to such settlement. The plaintiff served upon the defendant a notice to quit, as provided in the statute relating to forcible entry and detainer, and on the 8th day of May commenced an action under that

statute for restitution of possession. At the date of his settlement the defendant had knowledge of the existence of the lease, but proceeded in the belief that it was void. The attorney-general appeared for the state and was allowed to interplead in the action, claiming in substance that the lease was void for the reason that the statute purporting to authorize the leasing of school land is unconstitutional, and that it gave no power to the officers to execute the lease, because the land had not been appraised within five years prior to the date of the lease. The plaintiff recovered.

It is contended that the statute under which the lease was made embraces more than one subject, only one of which is expressed in the title, and is therefore in violation of section 16 of article 2 of the constitution. The statute in question is chapter 241 of the Laws of 1899, entitled "An act to amend paragraph 5769 of the Compiled Laws of 1889, providing for the leasing of unoccupied school land, for penalties for violations hereof, and repealing paragraph 5769 of the Compiled Laws of 1889, and section 12, chapter 162, of the Laws of 1895."

The section referred to in the act, and amended thereby, is chapter 122 of the Laws of 1876, entitled "An act for the regulation and support of common schools," as amended by chapter 152 of the Laws of 1886. The act of 1876 provides for the establishment, government and maintenance of common schools. Among other things, regulations are made for the sale of school land, and the payment of the proceeds into the school fund. The amendatory act of 1899 added to these regulations provisions for leasing the school land. The lease in question was made in accordance therewith, but it is said that this is another subject, and is not within the title. The sale of the lands was authorized in order to provide revenue for the schools, and thereby to carry into effect the purpose for which

they were set apart by the constitution. They are leased for the same reason; selling and leasing the lands are both means to reach the same end. They are not incongruous, but are naturally related to the one general subject and are within the title of the original act. The title to the act of 1899 refers to the statute amended, and also states the particular subject of the amendment, viz., "providing for the leasing of unoccupied school land." The title is sufficient, within numerous decisions of this court. (*Philpin v. McCarty, Supt., &c.,* 24 Kan. 393; *Wilson v. Herink,* 64 Kan. 607; *La Harpe v. Gas Co.,* 69 Kan. 97; *The State v. Thomas,* 74 Kan. 360; *The State v. Butler County,* 77 Kan. 527; *The State v. Sherman,* 81 Kan. 874.)

It is also contended that no power existed to make the lease in question by reason of the restriction contained in section 5 of article 6 of the constitution, viz., that "the school lands shall not be sold unless such sale shall be authorized by a vote of the people at a general election; but, subject to revaluation every five years, they may be leased for any number of years not exceeding twenty-five, at a rate established by law." Such sale was authorized at the general election of 1864, held pursuant to a statute enacted that year. (Laws 1864, ch. 102, Gen. Stat. 1868, ch. 94.) That act contained no provisions for leasing, but this authority was given, as we have seen, by the act of 1899. It is insisted that there must be a valuation or appraisement of the land as a condition precedent to the power to lease, and that in the absence of such appraisement within five years no authority to lease exists. No such appraisement had been made in this instance, and in fact it appears that no general appraisement has ever been made, although particular tracts have been appraised upon petition, preparatory to sales, as provided in the original act of 1864, and continued in the various revisions and amendments made since that time. A general direction that in all cases lands which have not been claimed

or purchased shall be reappraised every five years is contained in the original act, and in revisions thereof, including the General Statutes of 1901 (§ 6357); but no provisions have been made to carry out such direction, other than the regulations for appraisements upon petition, above referred to. The plaintiff insists that the revaluation referred to in the constitution is not a condition precedent to the exercise of the power to lease, but is the reservation of a right to revalue the rentals so that the lease is subject to a change in the rents at such intervals. The language is general, but the words "subject to" indicate that a lease is burdened with the condition that the rentals may be increased or changed at each revaluation. Leases frequently provide for a readjustment of rents upon appraisement at stated intervals (1 Tiffany, Land. & Ten. § 173 *d*), or upon extrinsic facts (1 Tiffany, Land. & Ten. § 173 *b*; 2 Tiffany, Land. & Ten. § 327). That such readjustment was intended rather than the creation of a condition precedent to the exercise of the power is the natural import of the words "subject to," in the connection where they are found. (See, also, *Jackson v. Isaacson,* 27 L. J. Ex. 392, and *Gratz v. Highland Scenic Ry. Co.,* 165 Mo. 211.)

Whether the revaluation referred to in the constitution is that of rentals to be paid, or of the land itself as a basis for a change in rentals, need not be determined, as the same result would follow in either event in this case. As the term of this lease was limited to five years, we need not inquire by what officers or by what means a revaluation could be made.

An incidental question of practice is presented. It is insisted that the plaintiff has mistaken his remedy. True, the provisions relating to forcible entry and detainer are not appropriate to try the validity of titles, but the plaintiff was in possession, so far as was necessary to the full enjoyment of the land for the purposes for which he had leased it, and this was known

by the defendant when he entered. His entry was made to oust the plaintiff and to acquire title in himself. By so doing he took forcible possession, and, after notice to quit, unlawfully held it; but, in view of the importance of the principal question, and the fact that the land was not subject to entry and the defendant obtained no rights as a settler, the question of practice is relatively unimportant.

The judgment is affirmed.