EDWARD O'CONNELL, PETITIONER, v. SIMMS MAGNETO COMPANY.

Argued June 3, 1913—Decided November 26, 1913.

In a proceeding under the Workmen's Compensation act of 1911, the court is restrained by the limits fixed by the statute and is bound by the statutory rules.

On appeal.

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutor, *George S. Hobart.*

For the defendant, *Borden D. Whiting.*

The opinion of the court was delivered by

SWAYZE, J. This is a proceeding under the Workmen's Compensation act of 1911. The judge made the following allowances:

For temporary disability, covering fracture of skull, broken collar bone and ribs, forty weeks; injury to eye, sixty-five weeks; paralysis of right side of mouth, one hundred weeks; injury to right nostril, thirty-five weeks; impairment to hearing of right ear, fifty weeks; impairment of use of right arm, fifty weeks; making a total of three hundred and forty weeks' pay.

The evidence shows conclusively that the disability of the petitioner is far from total. Under the statute only four hundred weeks' pay could have been allowed for total permanent disability, such as loss of both hands, arms, feet, or eyes. None of the injuries suffered by the petitioner are specifically provided for in the schedules contained in the act, and allowance therefor must have been made under the provision that the compensation in other cases shall bear such relation to the amounts stated in the schedule as the disabilities bear to those produced by the injuries named in the schedule. There is no evidence that the disabilities of the petitioner stand to total disability in the proportion of three hundred and forty to four hundred. On the contrary, the evidence makes it clear that the proportionate extent of the disability is very much less. The difficulty arose probably from the desire of the trial judge to award what he thought was fair compensation. This was, however, disregarding the statute, not following it except in form. With the fairness of the compensation fixed by the act the courts have nothing to do. The legislature has thought it wise to provide a new cause of action and a new procedure not known to the common law, and to prescribe the rule of compensation, not leaving that question to the discretion of a jury, and except within certain limits and subject to certain rules not leaving it to the discretion of the court. Within these limits the court is restrained and by these rules it is bound.

The judgment must be reversed and the record remitted for a new trial.