No. 18,793.

FRANK D. SHADE, *Appellant*, v. ,THE ASH GROVE LIME
AND PORTLAND CEMENT COMPANY, *Appellee.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

"WORKMEN'S COMPENSATION ACT"—*Constitutional and Valid.*
Chapter 218 of the Laws of 1911, as amended by chapter 216
of the Laws of 1913, does not violate section 18 of the bill
of rights guaranteeing remedies by due course of law, nor
section 16 of article 2 of the constitution which provides that
no bill shall contain more than one subject, nor the provisions
of the 14th amendment to the federal constitution relating to
due process and equal protection of the laws.

Appeal from Neosho district court; JAMES W. FIN-
LEY, judge. Opinion on rehearing filed November 14,
1914. Reversal sustained. (For original opinion see
92 Kan. 146, 139 Pac. 1193.)

*T. F. Morrison,* of Chanute, and *R. J. W. Bloom,* of
Columbus, for the appellant.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute,
for the appellee.

*John S. Dawson,* attorney-general, *Robert Stone,
George T. McDermott,* both of Topeka, *Adrian F. Sher-
man,* and *Thad B. Landon,* both of Kansas City, Mo., as
*amici curiæ.*

The opinion of the court was delivered by

BENSON, J.: The first opinion in this case is re-
ported in *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac.
1193, construing provisions of the workmen's com-
pensation act. (Laws 1911, ch. 218, as amended by
Laws 1913, ch. 216.) A rehearing having been allowed,
elaborate briefs have been filed by the parties and

17—93 KAN.

others *amici curiæ*. Other cases interpreting the same statute in which opinions are now filed were argued at the sae time. (*McRoberts v. Zinc Co.,* post; *Gorrell v. Battelle,* post.)

It was held in the former opinion that where the employer and employee are both under the compensation act, the remedy afforded by that statute is exclusive. It is argued that this conclusion is unsound, and that it should be held that the employee may still resort to the factory act for relief. Upon a reëxamination of the question the court remains satisfied with the views stated in the former decision, for the reasons stated in that opinion, and in the opinion in *McRoberts v. Zinc Co.,* supra. The same result was reached in *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685. The underlying principle is also clearly stated in 26 A. & E. Encycl. of L. 621.

It should also be observed that an employee is not deprived of the right to the benefit of the factory act nor of common-law remedies without his consent. They remain open to his election if made before the injury, by filing a declaration "that he elects not to accept thereunder"—that is, under the provisions of the compensation act. (Laws 1913, ch. 216, § 8.)

The constitutional safeguards which it is argued are violated by this statute are, first, that part of the 14th amendment to the federal constitution, which declares, "Nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws"; second, section 18 of the bill of rights of the state constitution, which provides that "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay"; third, section 16 of article 2 of the state constitution, which provides that "No bill shall contain more than one subject, which shall be clearly expressed in

Shade v. Cement Co.

its title." It is also argued that the statute deprives the citizen of a right of trial by jury and for that reason is invalid.

The provisions of the federal and state constitutions guaranteeing due process and equal protection of law invoked by the plaintiff are not violated by this statute, as decided in many jurisdictions in opinions so exhaustive of the subject and so convincing in reason that we are content to make brief references to specific objections, and to a few of the principles upon which these objections are based. The act classifies occupations with reference to the nature of the business and number of employees. This feature is strenuously objected to as a violation of the constitutional safeguards referred to. Similar provisions are found in like statutes of other states and have generally been sustained. In the case of *Ives v. South Buffalo Ry. Co.*, 201 N. Y. 271, 94 N. E. 431, 34 L. R. A., n. s., 162, widely commented on and criticized, holding the New York workmen's compensation law unconstitutional in another respect, the classification feature was approved as being within the constitutional limits of legislative power. In *Deibeikis v. Link-Belt Co.*, 261 Ill. 454, 104 N. E. 211, such a classification in the workmen's compensation act of Illinois was held to be perfectly reasonable and valid. Indeed such seems to be the holding wherever under similar statutes this objection has been urged. Apart from the operation of this statute the power to make a reasonable classification of subjects of legislative action has been uniformly sustained in this state. In the Black Powder case, so-called (*In re Williams*, 79 Kan. 212, 98 Pac. 777), the statute under consideration attempted to regulate the use of powder in coal mines, and the law was assailed because it did not relate to other mines and quarries, but it was held that when a classification is based on reasonable distinctions, and is not merely arbitrary, the law is not invalid, and the statute was up-

held. The same principle has been applied in many other cases in this and other states and is generally recognized and approved.

The objection based upon the supposed deprivation of a right of trial by jury is equally untenable, as determined in many adjudicated cases. The same is true of the arbitration feature and the rules for determining compensation. Without reviewing *seriatim* all the specific objections made to this statute under the general charge that it violates constitutional safeguards, it is sufficient to say that they have all been met in judicial decisions in other jurisdictions after the most thorough and patient examination. It seems unnecessary, now that the validity of such laws has been so generally maintained, to review the many adjudicated cases, and restate in detail the well-settled principles upon which they are based. Briefly, it may be said that the operation of the system of compensation provided by the statute rests upon the free consent of employer and employee, given in the manner provided by the act. Without such consent on his part the employee retains all his remedies under common and statutory law. It is a matter of election.

"Being elective, the act does not become effective as to any employer or employee unless such employer or employee chooses to come within its provisions. Having once elected to come within the provisions of the act, as long as such election remains in force the act is effective as to the party or parties making the election, and in case an employer and an employee both elect to come within the provisions of the act, the act itself then becomes a part of the contract of employment and can be enforced as between the parties as such." (*Deibeikis v. Link-Belt Co.*, 261 Ill. 454, 465, 104 N. E. 211.)

The same result was reached in *Matheson v. Minneapolis St. Ry. Co.* (Minn. 1914), 148 N. W. 71; where the similar election and classification features of the Minnesota compensation law are carefully considered and upheld.

The beneficent ends sought by the adoption of a speedy, certain and inexpensive system of providing compensation for injuries suffered in services, coming within the purview of this act, growing out of great industrial and economic changes, are briefly stated in the McRoberts case, *post,* and need not be amplified here.

The objection based upon the supposed insufficiency of the title of the act is untenable. The title of the original act, repeated in the title of the amendatory act, is, "An Act to provide compensation for workmen injured in certain hazardous industries." (Laws 1911, ch. 218; Laws 1913, ch. 216.) This title is general and comprehensive, not limited or restrictive, and fairly includes every provision of the act within principles frequently decided by this court. Among these decisions are: *Lynch v. Chase,* 55 Kan. 367, 40 Pac. 666; *Rathbone v. Hopper,* 57 Kan. 240, 45 Pac. 610; *Harrod v. Latham,* 77 Kan. 466, 95 Pac. 11; *Payne v. Barlow,* 84 Kan. 132, 113 Pac. 432; *City of Winfield v. Bell,* 89 Kan. 96, 130 Pac. 680.

For convenience a list of the cases in which workmen's compensation laws have been upheld against attacks of the same nature is now given. (*Opinion of the Justices,* 209 Mass. 607, 96 N. E. 308; *Borgnis v. Falk Co.,* 147 Wis. 327, 133 N. W. 209, 37 L. R. A., n. s., 489; *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A., n. s., 466; *State, ex rel., v. Creamer,* 85 Ohio St. 349, 97 N. E. 602, 39 L. R. A., n. s., 694; *Stoll v. Pacific Coast S. S. Co.,* 205 Fed. 169; *Matheson v. Minneapolis St. Ry. Co.* (Minn. 1914), 148 N. W. 71; *State v. Mountain Timber Co.,* 75 Wash. 581, 135 Pac. 645; *O'Connell v. Magneto Co.,* 85 N. J. Law. 64, 89 Atl. 922; *Cunningham v. Northwestern Impr. Co.,* 44 Mont. 180, 119 Pac. 554; *Deibeikis v. Link-Belt Co.,* 261 Ill. 454, 104 N. E. 211.)

(See, also, *Second Employers' Liability Cases,* 223 U. S. 1, 38 L. R. A., n. s., 44.)

The former judgment of reversal is adhered to.