# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE.

A statute, providing that, in an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense that the employee was negligent, if not guilty of serious and wilful misconduct, or that the injury was caused by the negligence of a fellow employee, not guilty of serious and wilful misconduct, or that the employee had assumed the risk of such an injury, with an express provision that the act shall not apply to injuries sustained before it takes effect, violates no rights secured by the Constitution of this Commonwealth or by the Constitution of the United States.

In a statute providing that, in an action to recover damages for personal injury sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense that the employee was negligent or that the injury was caused by the negligence of a fellow employee or that the employee had assumed the risk of such an injury, there is nothing unconstitutional in a provision that the provisions already mentioned shall not apply to domestic servants and farm laborers.

In a statute providing a system of compensation for personal injuries received by employees in the course of their employment there is nothing unconstitutional in a provision that an employee of a subscriber shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given his employer notice in writing that he claimed such right.

A statute, which provides through the instrumentality of a corporation established by the act and the subscription of employers thereto a system of compensation to employees for personal injuries received by them in the course of their employment and not due to serious and wilful misconduct on their part, and which contains nothing compelling an employer to become a subscriber or compelling an employee to waive his right of action at common law and accept the compensation provided for him in the act, is not in violation of the Constitution of this Commonwealth or of the Fourteenth Amendment of the Constitution of the United States.

In a statute providing a system of compensation for personal injuries received by employees in the course of their employment it is within the power of the Legislature to provide that no agreement by an employee to waive his rights to compensation under the act shall be valid.

In a statute, which provides through the instrumentality of a corporation created by the act and the subscription of employers thereto a system of compensation to employees for personal injuries received by them in the course of their employment and not due to serious and wilful misconduct on their part, there is nothing unconstitutional in an additional provision that any liability insurance

company authorized to do business in this Commonwealth shall have the same right as the corporation created by the act to insure the liability to pay the compensation provided for in the act, that a policy holder of such liability company shall be regarded as a subscriber so far as applicable within the meaning of the act, and that when any such company insures such payment of compensation it shall be subject to all the regulations and obligations imposed upon the corporation created by the act.

ON July 18 and 19, 1911, the following orders were passed by the Senate and on the last named day were transmitted to the Justices of the Supreme Judicial Court. On July 24, 1911, the Justices returned the answer which is subjoined.

Senate, July 18, 1911.

WHEREAS, There is now before the Senate a bill entitled " An Act relative to payments to employees for personal injuries received in the course of their employment and to the prevention of such injuries," being House Document No. 2154; and

WHEREAS, No similar legislation has ever been enacted in this Commonwealth; and

WHEREAS, An act for a similar purpose was enacted in the State of New York, and has been decided to be in violation of the Constitution of the State of New York and of the Fourteenth Amendment to the Constitution of the United States; and

WHEREAS, There appears to be no precedent bearing on said subject in other jurisdictions in the United States;

BE IT ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required on the following important questions of law:

First. Is the said bill, House Document No. 2154, in conformity with the provisions of the Constitution of the Commonwealth of Massachusetts which requires that property shall not be taken from a citizen without due process of law?

Second. Is the bill in conformity with the fourteenth amendment to the Federal Constitution?

Senate, July 19, 1911.

ORDERED, That in submitting to the Justices of the Supreme Judicial Court a copy of the order adopted by the Senate requiring the opinion of the said Justices as to the constitution-

ality of the House Bill relative to payments to employees for personal injuries received in the course of their employment and to the prevention of such injuries, the clerk be directed to forward to the Justices a copy of the amendment of the said bill adopted by the Senate; and that, in rendering their opinion, the Justices be directed also to take into account the effect of the said amendment on the bill.

The amendment adopted by the Senate was the insertion in Part V. after § 2 of the following new section:

" Section 3. Any liability insurance company authorized to do business within this Commonwealth shall have the same. right as the association to insure the liability to pay the compensation provided for by this act, and a policy holder of such liability company shall be regarded as a subscriber so far as applicable within the meaning of this act, and when any such company insures such payment of compensation it shall be subject to all the regulations and obligations imposed upon the association."

[House bill No. 2154, as amended by the insertion of the section printed above was enacted, practically without change, in St. 1911, c. 751, which was approved on July 28, 1911.]

To the Honorable Senate of the Commonwealth of Massachusetts:

We have received the questions, of which a copy, with the act referred to therein and the amendment adopted by the Senate, is hereto annexed, and after giving to them such consideration as we have been able to give in the time at our disposal, we respectfully answer them as follows:

The questions submitted to us are important, and the proposed act involves a radical departure in the manner of dealing with actions or claims for damages for personal injuries received by employees in the course of their employment from that which has heretofore prevailed in this Commonwealth; but we think that nothing would be gained by an extended discussion and we therefore content ourselves with stating briefly the conclusions to which we have come and our reasons therefor.

The first section of the act (Part I. § 1) provides that " In an action to recover damages for personal injury sustained by an

employee in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:

1. That the employee was negligent;

2. That the injury was caused by the negligence of a fellow employee;

3. That the employee had assumed the risk of the injury."

This section deals with actions at common law. We construe clauses 1 and 2 in their reference to negligence as meaning contributory negligence or negligence on the part of a fellow servant which falls short of the serious and wilful misconduct which under Part II. § 2, will deprive an employee of the right to compensation. So construed we think that the section is constitutional. We neither express nor intimate any opinion whether it would be unconstitutional if otherwise construed. The rules of law relating to contributory negligence and assumption of the risk and the effect of negligence by a fellow servant were established by the courts, not by the Constitution, and the Legislature may change them or do away with them altogether as defenses (as it has to some extent in the employers' liability act) as in its wisdom in the exercise of powers entrusted to it by the Constitution it deems will be best for the "good and welfare of this Commonwealth." Const. Mass. c. 1, § 1, art. 4. See *Missouri Pacific Railway* v. *Mackey*, 127 U. S. 205; *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593. The act expressly provides that it shall not apply to injuries sustained before it takes effect. If, therefore, a right of action which has accrued under existing laws for personal injuries constitutes a vested right or interest, there is nothing in the section which interferes with such right or interest. The effect of the section is not to authorize the taking of property without due process of law, as the Court of Appeals of New York held was the case with the statute referred to in the preamble to the questions submitted to us and which in consequence thereof was declared by that court to be unconstitutional. *Ives* v. *South Buffalo Railroad*, 201 N. Y. 271. Construing the section as we do and as we think it should be construed, it seems to us that there is nothing in it which violates any rights secured by the State or Federal Constitutions. We see nothing unconstitutional in providing, as is done in Part I. § 2, that the provisions of § 1 shall not apply to domestic servants

and farm laborers; nor in providing, as is done in Part I. § 5, that the employee shall be deemed to have waived his right of action at common law if he shall not have given notice to his employer as therein provided. The effect of the provisions referred to is to leave it at the employee's option whether he will or will not waive his right of action at common law. See *Foster* v. *Morse*, 132 Mass. 354.

The rest of the act deals mainly with a scheme for providing, through the instrumentality of a corporation established for that purpose entitled the Massachusetts Employees Insurance Association, and the subscription of employers thereto, for compensation to employees for personal injuries received by them in the course of their employment, and not due to serious and wilful misconduct on their part. There is nothing in the act which compels an employer to become a subscriber to the association, or which compels an employee to waive his right of action at common law and accept the compensation provided for in the act. In this respect the act differs wholly so far as the employer is concerned from the New York statute above referred to. By subscribing to the association an employer voluntarily agrees to be bound by the provisions of the act. The same is true of an employee who does not choose to stand upon his common law rights. An employer who does not subscribe to the association will no longer have the right in an action by his employee against him at common law to set up the defense of contributory negligence or assumption of the risk, or to show that the injury was caused by the negligence of a fellow servant. In the case of an employee who does not accept the compensation provided for by the act and whose employer has become a subscriber to the association, an action no longer can be maintained for death under the employers' liability act. But these considerations do not constitute legal compulsion or a deprivation of fundamental rights. We do not deem it necessary to take up and consider in detail the numerous provisions by which the right to compensation and the amount thereof and the persons entitled thereto and the course of procedure to be followed and matters relating thereto are to be settled and determined. We assume, however, that the meaning of §§ 4 and 7 of Part III. of the proposed act is that the approved agreement or decision therein mentioned is to

be enforced by proper proceedings in court, and not by process to be issued by the Industrial Accident Board itself. Taking into account the non-compulsory character of the proposed act, we see nothing in any of these provisions which is not "in conformity with" the Fourteenth Amendment of the Federal Constitution, or which infringes upon any provision of our own Constitution in regard to the taking of property "without due process of law." It is within the power of the Legislature to provide that no agreement by an employee to waive his rights to compensation under the act shall be valid. See *Missouri Pacific Railway* v. *Mackey*, 127 U. S. 205; *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593.

In regard to the amendment it is to be observed that no liability insurance company is obliged to insure, and that if it chooses to do so there is nothing unconstitutional in requiring that it and the policy holder shall be governed by the provisions of the act so far as applicable.

It should be noted perhaps in the interests of accuracy that there is no phrase in our Constitution which in terms requires that "property shall not be taken from a citizen without due process of law." The quoted words, which we take from the first question submitted to us, are a paraphrase of what is contained in the Constitution, but are not the language of the Constitution itself.

We have confined ourselves to the questions submitted to us, and we answer both of them in the affirmative.

Owing to their absence from the Commonwealth, the Chief Justice and Mr. Justice Loring have taken no part in the consideration of the questions.

> JAMES M. MORTON.
> JOHN W. HAMMOND.
> HENRY K. BRALEY.
> HENRY N. SHELDON.
> ARTHUR PRENTICE RUGG.