## OLE MATHISON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

July 3, 1914.

Nos. 18,759—(44).

**Statute — presumption of validity.**

1. Laws enacted by the legislature are presumed to be valid, and will not be declared invalid by the courts, unless they clearly transgress some constitutional limitation.

**Constitution — statute applying to a specified class.**

2. The constitutional requirement, that all persons shall receive the equal protection of the laws, is not infringed by legislation which applies only to those persons falling within a specified class, if it applies alike to all persons

1 Reported in 148 N. W. 71.

within such class, and reasonable grounds exist for making a distinction between those who fall within such class and those who do not.

**Constitution — distinction between different classes.**

3. When the legislature has determined that a sufficient distinction exists between two classes of persons to justify applying rules to one class which do not apply to the other, such determination is binding upon the courts, unless they can point out that the distinction is purely fanciful and arbitrary, and that no substantial or logical basis exists therefor.

**Workmen's Compensation Act Valid.**

4. Excluding domestic servants, farm laborers, casual employees, and such railroads and railroad employees as are engaged in interstate commerce from the provisions of the Workmen's Compensation Act does not render it unconstitutional as class legislation.

**Same — classification — taking away defenses.**

5. The legislature may place employers who become subject to part 2 of the act in a different class from those who do not, and may also place employees who become subject thereto in a different class from those who do not; and abrogating the defenses of contributory negligence, assumption of risk, and negligence of a coemployee, in actions against employers who do not accept such part 2, and permitting such defenses in actions against employers who do accept such part 2, does not render the act invalid as class legislation.

**Same — rights and remedies — right of choice.**

6. Part 2 of the act substitutes the rights, remedies and liabilities therein provided for those previously existing, and employers and employees subject thereto are limited to such rights and remedies; but such provisions impair no constitutional rights, as they apply only to those who have voluntarily chosen to become subject thereto, and such choice is no less optional because part 2 is presumed to have been accepted by all employers and employees who have not given notice to the contrary.

**Act valid.**

7. The act contains no provision prohibited by the state or Federal Constitution and is valid.

Action in the district court for Hennepin county to recover $26,-000 for personal injury received by plaintiff while in the employ of the city of Minneapolis and engaged in paving along the tracks of defendant company. From an order, Jelley, J., overruling plaintiff's demurrer to that part of the answer which alleged that plaintiff, the city of Minneapolis and defendant company had accepted,

were acting under, and were governed by, the provisions of part 2 of the Workmen's Compensation Act (G. S. 1913, §§ 8195–8230), plaintiff appealed.  Affirmed.

*Duxbury, Conzett & Pettijohn,* for appellant.

*Koon, Whelan & Hempstead,* for respondent.

*H. V. Mercer,* by consent, filed a brief as *amicus curiæ.*

*Davis, Kellogg & Severance,* as *amici curiæ,* filed a brief in favor of respondent.

TAYLOR, C.

Plaintiff, an employee of the city of Minneapolis, while engaged in laying paving along and near the railway track of defendant in one of the streets of that city, was struck by one of defendant's street cars and received injuries which necessitated the amputation of his leg.  Alleging that the injury was caused by the negligence of the defendant, he brought this action to recover damages.  Defendant, in its answer, among other things, alleged that plaintiff, the city, and defendant had all accepted, were acting under, and were governed by, the provisions of part 2 of chapter 467, p. 677, Laws of 1913 (sections 8195–8230, G. S. 1913), commonly known as the Workmen's Compensation Act; and that plaintiff's rights were limited and confined to, and were measured and determined by, the relief provided for in part 2 of that act.  Plaintiff demurred to this portion of the answer, and appealed from an order overruling the demurrer.

Plaintiff contends that the act violates sections 2, 4, 8 and 13 of article 1 of the Constitution of the state of Minnesota, and the Fifth and Fourteenth amendments to the Constitution of the United States, and is, therefore, unconstitutional and void.  Whether this contention be well founded is the sole question for decision.  The able arguments and exhaustive briefs presented have received attentive consideration and have been of much assistance.

We shall not stop to discuss the shortcomings and unsatisfactory results of the law of negligence as applied to present-day industrial conditions; nor the desirability of providing more certain, effective and inexpensive relief for injured workmen than the present com-

mon-law actions afford; nor the economic reasons for imposing upon an employer, not because he is at fault, but as a burden incident to his business, the obligation to contribute to the support of employees disabled through injuries received in the course of their employment. Much consideration has been given to these questions by publicists and students of industrial, economic, and social problems; and it has become generally recognized that the common law fails to make adequate or equitable provision for the economic loss resulting from a disability which deprives the workman of his earning power. But changes in the laws, and in the public policies recognized in the laws, must emanate from the law-making power and not from the courts. The courts must administer the law as they find it, not as they may think it ought to be. Hence arguments, showing the need for a change in the laws governing the relations of master and servant, should be addressed to the legislative and not to the judicial branch of the government. The briefs have given considerable attention to these legislative questions, but it is sufficient, for present purposes, to say that the arguments advanced furnish ample basis for legislative action under the police power of the state; and that laws enacted for the purpose of adjusting and determining the respective rights and obligations of employer and employee may make radical innovations in pre-existing policies and rules of law, so long as they do not infringe some constitutional guaranty.

In considering the questions now before the court, it is proper to say, at the outset, that all laws enacted by the legislature are presumed to be valid; and that it is the duty of the courts to declare them valid, unless they clearly transgress some limitation upon the power of the legislature imposed by the state or Federal Constitution. Roos v. State, 6 Minn. 291 (428); State v. Corbett, 57 Minn. 345, 59 N. W. 317, 24 L.R.A. 498; Lommen v. Minneapolis Gaslight Co. 65 Minn. 196, 68 N. W. 53, 33 L.R.A. 437, 60 Am. St. 450; Union Pac. Ry. Co. v. United States, 99 U. S. 700, 25 L. ed. 496; Powell v. Pennsylvania, 127 U. S. 678, 8 Sup. Ct. 992, 1257, 32 L. ed. 253.

The act in question provides that compensation shall be made by
126 M.—19.

the employer to the employee, or in case of his death to his dependents, for injuries sustained in the course of the employment, "provided the employee was himself not wilfully negligent;" but the act does not apply to those railroads, or those employees of railroads, that are subject to the laws of the United States, enacted pursuant to the power to regulate commerce, nor to domestic servants, farm laborers, or persons whose employment is only casual. The act is separated into two divisions designated as part 1 and part 2. The provisions of part 2 apply only in the event that both employer and employee elect to become subject thereto. If either or both elect not to become subject to part 2, the provisions of part 1 apply. If the employer has elected not to become subject to part 2, he cannot interpose as a defense, in an action brought under part 1, that the employee was negligent, unless such negligence was wilful; nor that he had assumed the risk; nor that the injury was caused by the negligence of a co-employee. Depriving the employer of the three defenses named, in case he elects not to become subject to part 2 of the act, is the only substantial change made by part 1 in the previously existing law. If the employer declines to accept the provisions of part 2, he loses the benefit of these three defenses; if he accepts the provisions of part 2, but the employee declines to accept such provisions, the employer retains the benefit of such defenses.

It is claimed that the act violates the equality provisions of the state and Federal Constitutions, for the reason that it abrogates these three defenses, in actions under part 1, brought against employers who elect not to accept the provisions of part 2, but permits such defenses to be interposed, in actions under part 1, brought against other employers; and also for the reason that the act excludes from its provisions domestic servants, farm laborers, casual employees and such railroads and railroad employees as are within the legislative domain of the United States. That the defenses mentioned may be entirely abolished, or abolished as to certain classes of employments only, is too well settled to require argument. Missouri Pac. Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. ed. 107; Minneapolis & St. L. Ry. Co. v. Herrick, 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. ed. 109; Tullis v. Lake Erie & W. Ry. Co.

175 U. S. 348, 20 Sup. Ct. 136, 44 L. ed. 192; Mondou v. New York, N. H. & H. R. Ry. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44; Missouri Pac. Ry. Co. v. Castle, 224 U. S. 541, 32 Sup. Ct. 606, 56 L. ed. 875; Vindicator Consol. Gold Mining Co. v. Firstbrook, 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108; Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209; Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211; In re Opinion of Justices, 209 Mass. 607, 96 N. E. 308; Ives v. South Buffalo Ry. Co. 201 N. Y. 271, 94 N. E. 431, 34 L.R.A.(N.S.) 162, Ann. Cas. 1912B, 156; Sexton v. Newark District Telegraph Co. 84 N. J. L. 85, 86 Atl. 451; State v. Creamer, 85 Oh. St. 349, 97 N. E. 602, 39 L.R.A.(N.S.) 694. The power to abolish such defenses rests upon the principle that no person has any property right or vested interest in a rule of law, and that the legislature may change such rules at its pleasure. Munn v. Illinois, 94 U. S. 113, 24 L. ed. 77; Mondou v. New York, N. H. & H. Ry. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327; Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209; Sawyer v. El Paso & N. E. Ry. Co. 49 Tex. Civ. App. 106, 108 S. W. 719; Cunningham v. Northwestern Improvement Co. 44 Mont. 180, 119 Pac. 554; Bertholf v. O'Reilly, 74 N. Y. 509, 30 Am. Rep. 323; Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211. Plaintiff contends, however, that the classifications made by the act are unwarranted, and that the constitutional requirement that all persons shall receive the equal protection of the laws is infringed, unless such defenses are abrogated as to all employers, or remain available to all employers, and unless the act applies to the classes excepted from its operation as well as to those included therein.

It is universally recognized that such constitutional provisions do not prohibit the legislature from prescribing valid rules and regulations, nor from imposing valid duties and obligations, nor from conferring valid rights and privileges, which apply only to those persons falling within a specified class and not to the general public. Legislation which applies alike to all persons within the designated class, but does not apply to persons outside such class, is well within the constitutional requirement, if there be reasonable

grounds for making a distinction between those who fall within such class and those who do not. Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. ed. 923; Holden v. Hardy, 169 U. S. 366, 18 Sup. Ct. 383, 42 L. ed. 780; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. ed. 1037; Atchison, T. & S. F. Ry. Co. v. Matthews, 174 U. S. 96, 19 Sup. Ct. 609, 43 L. ed. 909; St. John v. New York, 201 U. S. 633, 26 Sup. Ct. 554, 50 L. ed. 896; Louisville & N. Ry. Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. 676, 54 L. ed. 921, 47 L.R.A.(N.S.) 84; Mobile, J. & K. C. Ry. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. ed. 78, 32 L.R.A.(N.S.) 226, Ann. Cas. 1912A, 463; Mondou v. New York, N. H. & H. Ry. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44; Merritt v. Knife Falls Boom Corp. 34 Minn. 245, 25 N. W. 403; Cameron v. Chicago, M. & St. Paul Ry. Co. 63 Minn. 384, 65 N. W. 652, 31 L.R.A. 553; Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Justus, 85 Minn. 279, 88 N. W. 759, 56 L.R.A. 757, 89 Am. St. 550; Pfaender v. Chicago & N. W. Ry. Co. 86 Minn. 218, 90 N. W. 393, 1133; State v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527.

A classification for purposes of legislation, to be valid, "must be based upon some reason of public policy, growing out of the condition or business of the class to which the legislation is limited." But it is the province of the legislature to determine what differences or peculiarities, of condition or of business, furnish a sufficient basis for applying a different rule to those engaged in such business or those affected by such condition, than is applied to the remainder of the community. It is also the province of the legislature to draw the line, marking the boundary between one class and another and between the several classes and the general public. When such questions have been determined by the legislature, the legislative judgment is binding upon the courts, unless they can point out that the classification adopted is purely fanciful and arbitrary, and that no substantial or logical basis exists therefor. Cameron v. Chicago, M. & St. P. Ry. Co. 63 Minn. 384, 65 N. W. 652, 31 L.R.A. 553; Lommen v. Minneapolis Gaslight Co. 65 Minn. 196, 68 N. W. 53,

33 L.R.A. 437, 60 Am. St. 450; State v. Corbett, 57 Minn. 345, 59 N. W. 317, 24 L.R.A. 498; Joyce v. Great Northern Ry. Co. 100 Minn. 225, 110 N. W. 975, 8 L.R.A.(N.S.) 756; State v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527; State v. Wagener, 77 Minn. 483, 80 N. W. 633, 778, 1134, 46 L.R.A. 442, 77 Am. St. 681; State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L.R.A. 297, 89 Am. St. 571; State v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L.R.A.(N.S.) 327; Hunter v. City of Tracy, 104 Minn. 378, 116 N. W. 922; Quong Wing v. Kirkendall, 39 Mont. 64, 101 Pac. 250; Cunningham v. Northwestern Improvement Co. 44 Mont. 180, 119 Pac. 554; State v. Clausen, 63 Wash. 535, 117 Pac. 1101, 37 L.R.A. (N.S.) 466.

We think it is within the discretion of the legislature to place in a class by themselves those employers and those employees who, for the reason that they are engaged in interstate commerce, are subject to the laws which have been, or may be, passed by Congress. Within the domain of interstate and foreign commerce, the power of Congress is supreme; and the legislature may well refrain from including within the operation of the state laws those persons as to whom such laws are or may be rendered nugatory by the laws of the United States. Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211. The suggestion that the present law does not exclude from its operation all who are engaged in interstate commerce, but only those who are engaged in such commerce by railroad, is sufficiently answered by the decisions affirming the validity of laws which apply only to those engaged in interstate commerce by railroad. Mondou v. New York, N. H. & H. Ry. Co. 223 U. S. 1, 32 Sup. Ct. 169, 56 L. ed. 327, 38 L.R.A.(N.S.) 44.

Other courts have held, and we think for sufficient reasons, that the exclusion of domestic servants, farm laborers and persons whose employment is casual only, from the operation of laws providing compensation for injured workmen is within the proper discretion of the legislature. In re Opinion of the Justices, 209 Mass. 607, 96 N. E. 308; Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209; Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211; Dirken v. Great Northern Paper Co. 110 Me. 374, 86 Atl. 320.

We also think that the legislature is well within its prerogative, when it places in one class employers who become subject to the provisions of part 2 of the act, and in another class employers who do not become subject to such provisions; also when it places in one class employees who become subject to such provisions, and in another class employees who do not become subject thereto. Employers who become subject to part 2 thereby tender to their employees, as a consideration for exemption from common law liabilities, rights and privileges which did not previously exist, and offer to assume the burden of duties and obligations which were not previously imposed upon them. Employees who become subject to part 2 thereby tender to their employers immunity from common law actions as a consideration for the rights and remedies provided for by part 2. These propositions become binding contracts in respect to all who accept them, and remain as continuing offers to those who have not accepted them. An employer or employee, who, at his option, may secure all the advantages possessed by any other, is hardly in a position to claim that he is discriminated against. The legislature has the power to determine the public policy of the state, and, in furtherance of any policy adopted by it, may enact proper laws tending to induce conformance therewith. The defenses of contributory negligence, assumption of risk, and negligence of a fellow servant were doubtless abrogated in the cases specified, and not abrogated in other cases, to induce an acceptance of the provisions of part 2 of the act. But, notwithstanding this purpose, the act permits any employer to place himself within either class of employers at his election, and to change from one to the other if he so desires; it also permits any employee to place himself within either class of employees at his election, and to change from one to the other if he so desires. Such legislation is not discriminatory and is not inhibited by the Constitution. Furthermore, if its validity rested upon the distinction between the two classes of employers and the distinction between the two classes of employees, we could not say that such distinction is so fanciful and arbitrary, or so wanting in substance, that the legislature is prohibited from applying rules to one class which it does not apply to the other. This is in harmony with the holding of other courts.

State v. Creamer, 85 Oh. St. 349, 97 N. E. 602, 39 L.R.A.(N.S.) 694; Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209; Sexton v. Newark District Telegraph Co. 84 N. J. L. 85, 86 Atl. 451; Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211.

The act provides that every employer and every employee shall be presumed to have accepted and become subject to part 2 of the act, "unless otherwise expressly stated in the contract, in writing, or unless written or printed notice has been given," in the manner prescribed in the act, that he has elected not to become subject thereto. It is beyond question that the legislature has power to create this presumption and to require those who elect not to come under the provisions of part 2, to give notice thereof in the manner prescribed. The act also provides the manner in which one who is subject to the provisions of part 2 may thereafter change and become not subject thereto, and the manner in which one who is not subject to such provisions may thereafter change and accept them. The choice is no less voluntary and optional because a party is deemed to have accepted these provisions unless he give notice to the contrary, than it would be if he were deemed not to have accepted them until he gave notice to that effect.

The act provides that if both employer and employee become subject to part 2 thereof, the employer shall make compensation according to the schedules contained in the act, "in every case of personal injury or death of his employee, caused by accident, arising out of and in the course of employment, without regard to the question of negligence, except accidents which are intentionally self inflicted or when the intoxication of such employee is the natural or proximate cause of the injury." Section 8203, G. S. 1913. It also provides that, in case both employer and employee become subject to part 2, such election "shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in part 2 of this act, and an acceptance of all the provisions of part 2 of this act." [Section 8204] The rights, remedies and liabilities provided by part 2 are substituted for those previously existing and the parties are limited thereto. It is competent for the parties to enter into such an agree-

ment, especially if they are authorized by law so to do; and, so long as the privilege is given them to elect whether they will or will not become bound by the provisions thereof, the agreement is voluntary, and none of the constitutional rights of the parties are infringed by requiring that the terms of the agreement, if entered into, shall be those prescribed by the act. Sexton v. Newark District Telegraph Co. 84 N. J. L. 85, 86 Atl. 451; Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209; Deibeikis v. Link-Belt Co. 261 Ill. 454, 104 N. E. 211; State v. Creamer, 85 Oh. St. 349, 97 N. E. 602, 39 L.R.A. (N.S.) 694; In re opinion of Justices, 209 Mass. 607, 96 N. E. 308; Cunningham v. Northwestern Improvement Co. 44 Mont. 180, 119 Pac. 554.

The section of the act most vigorously assailed is section 33 (section 8229, G. S. 1913) which provides for cases in which the employee is entitled to compensation from his employer under part 2, for injuries which occurred under circumstances also creating a liability against a third party. In case such third party is also subject to the provisions of part 2, the employee may either recover from his employer the relief prescribed by the act, or may bring an action against such third party, but cannot proceed against both. If he proceed against the third party, his recovery is limited to the relief prescribed by the act. If he takes compensation from his employer under the act, the employer becomes subrogated to his right of action against the third party and may recover the aggregate amount payable to the employee with costs, disbursements and reasonable attorneys' fees. In case such third party is not subject to the provisions of part 2, the employee may maintain an action against him without waiving any rights against the employer and the damages recoverable are not limited to the relief prescribed by the act; but if the employee recover from such third party, the employer is entitled to deduct, from the compensation payable by him under the act, whatever amount is actually received by the employee from the third party. In other words, if a sum equal to or exceeding the compensation payable under the act is actually collected from the third party, the employer is relieved from liability, but, if the sum actually collected be less than the amount payable under the act, he

must make good the deficiency. If, instead of prosecuting an action against such third party, the employee collects compensation from his employer, the employer becomes subrogated to the rights of the employee against the third party and may maintain an action against him for the recovery of the damages sustained by the employee, but, after reimbursing himself for the compensation payable to the employee, and for the costs, attorneys' fees and expenses of collecting the damages, the employer must pay over to the employee any surplus remaining of the amount collected. We find nothing in these provisions contravening any of the provisions of the Constitution. They apply to and bind only those who have voluntarily accepted and agreed to them.

A careful examination of the entire act satisfies us that it contains nothing prohibited by either the state or Federal Constitution. The fifth amendment to the Federal Constitution applies only to proceedings under the Federal laws, and has no bearing upon the instant case. Section 4 of article 1 of the state Constitution, securing the right of trial by jury in all cases at law, expressly provides that such right may be waived. Where employer and employee both become subject to the provisions of part 2 of the act, they thereby waive a jury trial as to matters governed by such provisions. Such right remains unchanged, however, as to all other matters and all other persons. The rights set forth and declared in section 8 of article 1 of the Constitution do not appear to have been infringed. The prohibition contained in section 13 of article 1 has no bearing upon the case whatever. The fact that the provisions of part 2 of the act apply to those only who elect to be governed thereby, obviates the objections to the act, not hereinbefore considered, which are based upon the provisions contained in the Fourteenth amendment to the Federal Constitution and section 2 of article 1 of the state Constitution.

Order affirmed.