DAVID STROM, Appellee, *vs.* THE POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. WORKMEN'S COMPENSATION—*legislature had power to abolish defense of assumed risk.* The rules of law relating to the defenses of contributory negligence, assumption of risk and the effect of the negligence of a fellow-servant were established by the courts and not by the constitution, and it was within the power of the legislature, in enacting the Workmen's Compensation act, to modify or abolish such rules.

2. APPEALS AND ERRORS—*what does not justify direct appeal to the Supreme Court.* A claim that a certain statute is unconstitutional will not justify a direct appeal to the Supreme Court where the same claim has been repeatedly decided by the Supreme Court contrary to the appellant's contention.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

JACOB E. DITTUS, and JOHN H. SAVAGE, for appellant.

J. W. D'ARCY, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will county against appellant and in favor of appellee for a personal injury. Appellee was employed by appellant as a lineman, and while climbing a telegraph pole in the course of his employment and upon the order of his foreman, fell and was injured. The negligence charged was that the pole was in a decaying condition, and while appellee was climbing it, with iron spurs on his feet, the wood gave way and broke out, causing appellee to fall.

The injury occurred in March, 1914, and the declaration alleged appellant was not operating under the Workmen's Compensation act of 1913. The general issue was pleaded to the declaration. The reason for taking the ap-

peal direct to this court is the claim of appellant that the constitutionality of the provision of the Workmen's Compensation act abolishing the defense of assumed risk in case an employer engaged in any of the occupations enumerated in the statute shall elect not to provide compensation according to its provisions is involved. It is not denied that appellant was engaged in an occupation to which the act applied, and it was admitted on the trial that it was not operating under the provisions of said act.

The only way in which it is claimed by appellant that the constitutionality of any part of the Workmen's Compensation act was raised on the trial is, that it offered instructions, which the court refused, that an employee assumes all risks which are the usual and ordinary incidents of the line of employment in which he is engaged. The record shows these instructions were refused, and it is now argued that they should have been given unless the provisions of the Workmen's Compensation act abolish the doctrine of assumed risk where the employer elects not to come under the provisions of the act, and that by offering said instructions appellant raised the constitutionality of the statute. Appellant concedes that this court has sustained the power of the legislature to abolish the defense of assumed risk, under the Workmen's Compensation act of 1911, in three cases, (*Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, *Dietz* v. *Big Muddy Coal Co.* 263 id. 480, and *Crooks* v. *Tazewell Coal Co.* 263 id. 343,) but contends they were either not well considered cases or that they are distinguishable from this case. Those cases directly held that the rules of law relating to the defenses of contributory negligence, assumption of risk and the effect of the negligence of a fellow-servant were not established by the constitution but by the courts, and the legislature had the power to modify them or abolish them entirely. The same thing has been decided by the Federal courts and many State courts. It is therefore no longer an open question in this State, and if

271 — 35

it be conceded the question was raised in the trial court, we cannot permit it to be made a pretext for a direct appeal to this court where the question has been repeatedly decided by us and settled contrary to the contention of appellant.

The cause will be transferred to the Appellate Court for the Second District.

*Cause transferred.*