WHITE STAR BUS LINE, INC., peticionaria, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, JUEZ, demandada.

No. 750.—*Sometido:* Febrero 5, 1931. *Resuelto:* Febrero 6, 1931.

*Guerra Mondragón & Soldevila,* abogados de la peticionaria.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

No es ésta la primera vez que se presenta este caso a nuestro tribunal. El precedente se halla en el caso No. 714, *certiorari,* White Star Bus Line, Inc., que resolvimos en 12 de noviembre de 1930 (p. 526).

En la petición anterior se citó también el caso Brown, 228 Mass. 31, y algún otro de los que ahora se nos citan como au-

toridades para fundamentar el alegado derecho a un auto de *certiorari*. No se nos dijo que el estatuto de Puerto Rico y el de Massachusetts fueran iguales. Ahora se nos indica que el primero está copiado o tomado del segundo; lo que nos hace investigar acerca de la seguridad de esa aserción.

██ El estatuto de Puerto Rico, Ley de indemnizaciones por accidentes del trabajo, de 1928, en su sección 15, lee así:

"Cualquier parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial o de una decisión de un Comisionado contra la cual no se haya radicado petición de revisión ante la Comisión en tiempo hábil o del *memorandum* del acuerdo entre las partes, aprobado por la Comisión Industrial, ante la corte de distrito del distrito en que ocurrió el accidente solicitando. la revisión de éste en el término de diez días después de la notificación. La corte ordenará a la Comisión Industrial la remisión del récord del caso, oirá a las partes en controversia, dictará la decisión pertinente y notificará a las partes. Las decisiones de la corte tendrán el mismo efecto que una sentencia dictada en juicio, pero no se dará apelación contra dicha sentencia."

El estatuto de Massachusetts, es así:

"Sección 11.—Habrá derecho a apelar para ante la corte suprema de justicia sobre cuestiones de derecho y la comisión industrial de accidentes puede someter cuestiones de derecho a la corte suprema de justicia para ser determinadas." Leyes de Massachusetts de 1911, capítulo 751.

Y la enmienda de 1912, como sigue:

"Sección 14.—La Parte III de dicho capítulo por la presente se enmienda, además, eliminando la sección 11 e insertando en substitución de la misma lo siguiente: Sección 11. Cualquier parte interesada puede presentar copias certificadas de una orden o decisión de la junta, una decisión de un comité de arbitraje de la cual no se haya apelado dentro del término concedido para ello, o una estipulación aprobada por la junta, y todos los documentos relativos a los mismos, a la corte superior del condado en que ocurrió el accidente o del condado de Suffolk, y entonces dicha corte dictará un decreto de acuerdo con los mismos y notificará a las partes. Ese decreto tendrá el mismo efecto y todos los procedimientos con él relacionados

serán considerados en la misma forma que si hubieran sido dictados en un procedimiento debidamente visto y resuelto por dicha corte, excepto que no habrá apelación sobre cuestiones de hecho, o cuando se base el decreto en una decisión de un comité de arbitraje o en una estipulación, y que no habrá apelación de un decreto fundado en una orden o decisión de la junta que no haya sido presentada a la corte dentro de diez días después de haberse notificado el archivo de la misma por la junta. Al presentársele copia certificada de una decisión de la comisión industrial de accidentes que ponga fin, disminuya o aumente el pago semanal bajo las disposiciones de la Parte III, sección doce, la corte revocará o modificará el decreto para conformarlo a tal decisión.''

Aunque los textos legales tienen entre sí gran parecido, hay entre ellos una diferencia de importancia. En nuestro estatuto se dice, con respecto a la actuación de la corte: ''. . . oirá a las partes en controversia, dictará la decisión pertinente. . .''

En el estatuto de Massachusetts de 1911, el derecho que se concedía era el de apelación (*appeal*) sobre *cuestiones de ley* (itálicas nuestras) de forma que la misión de la corte no era la de tratar materias de hecho, y estaba circunscrita por la misma disposición estatutoria.

Y en la enmienda de 1912, se lee: ''y entonces dicha corte dictará un decreto de acuerdo con los mismos. . .''

La ley del citado Estado tiende evidentemente a suprimir toda intervención del tribunal en materia de hecho, dejándole sólo las cuestiones de derecho.

Por esto, al resolverse en *Stuart McNicol's Case*, 215 Mass. 497, precedente del caso Brown, se dijo por la corte:

''La Parte III, párrafo 11, de la ley, según fué enmendada por los Estatutos de 1912, capítulo 571, párrafo 14, dispone que cuando las copias de la 'decisión de la junta. . . y todos los documentos relacionados con la misma' han sido elevados a la corte superior, 'dicha corte dictará sentencia de conformidad con los mismos'. Esto significa aquella sentencia que la ley exige se dicte fundada en los hechos que declaró probados la junta. No hace que la actuación de la Corte Superior sea un mero pronunciamiento perfunctorio aprobando las conclusiones de derecho a que llegó la junta Industrial de Acci-

dentes. La sección de que se trata indudablemente fué promulgada debido a la indicación contenida en la *Opinión de los Jueces,* 209 Mass. 607, 612, al efecto de que las decisiones de la junta deben hacerse valer mediante los procedimientos adecuados en corte. La obligación impuesta a la Corte Superior por el requisito de dictar su fallo de acuerdo con la decisión, es ejercer sus funciones judiciales dictando aquel fallo que haga valer los derechos legales de las partes según lo revelen los hechos que aparezcan del récord.''

Y en el caso Brown, antes citado, se confirma esta doctrina, que está de acuerdo con la jurisprudencia más corriente.

Si nuestra Legislatura hubiera querido limitar la intervención judicial al conocimiento de materias puramente legales, lo hubiera hecho de una forma precisa y categórica. Para nosotros es indudable que no quiso establecer la limitación. Esto nos lleva a declarar *sin lugar la petición de ''certiorari''.*