Hibbard, P. J.
The plaintiff seeks to recover in an action of tort for personal injuries, medical care and resulting expenses due to the negligence of the défendant in furnishing him a machine by which he was to perform certain labor, which machine was defective and improperly equipped and of which defects the defendant had no knowledge.
The answer is a general denial, assumption of risk and allegations of contributory negligence and wilful, wanton or reckless misconduct on the part of the plaintiff.
The defendant was not insured under the Workmen’s Compensation Statute, G. L. Ch. 152. It is stated in the report that “The plaintiff relies specially upon Chapter 152, section 66 of the General Laws. ’ ’
The material facts are stated in the decision of the Court as follows:
“THE COURT FOUND: Upon all the evidence that the plaintiff was an intelligent workman, well experienced in the operation of band-saw machines, familiar with their proper equipment, needed repairs and adjustments, and also in the preparation of materials that might be required to be sawed by such machine; that he was employed by the authorized agent of the defendant, acquainted with band-saw machines, to operate a particular band-saw machine, which was known to both parties to be usable but not in a proper condition for the operation that might be required of it; that the plaintiff was informed by said agent at the time that within a short time a new machine ordered, would be installed in place of the old one, which had become defective; that prior to the accident, because the band-saw machine and its equipment was not operating properly the plaintiff made repairs and adjustments thereon with the object of making the machine work better. Some of the repairs and adjustments made were upon the guard or guide so that it would *55 better protect the operator in case the band-saw should come off of the wheels over which it ran; that at about 4 o’clock P. M. on March 30th, 1937, the plaintiff while engaged in sawing with this machine certain stock previously prepared by him, the endless metal band with saw teeth on one of its edges, known as the band-saw, suddenly came off the upper wheel and the plaintiff in order to protect his face extended his right hand so that his saw came in contact with two fingers on his right hand, severely injuring the same; that a small piece of metal, a part of the guard or guide and fastened thereto with a screw, after the accident, was found on the floor near the machine; that the evidence was not sufficient to show that said broken piece was a contributing cause of the injury; that just what actually caused the saw to come off of said wheel was more or less conjectural; that the absence of a sufficient guard or guide to . protect the operator from injury, in case the saw came off the wheel, was obvious to the plaintiff who was an experienced operator; I find that the plaintiff with his experience and knowledge of band-saw machines, their operation, his operation some time before the accident of the machine in question, his attempting to make repairs and adjustments on this machine so that it would work safer and better, with the conditions and defects of the machine obvious to him and his knowledge of what might happen in its operation with such defects existing, especially the absence of a suitable guard or guide, assumed voluntarily the risk of his employment on said machine; I find that the plaintiff has not shown by fair preponderance of evidence ■ that the negligence of the defendant was the proximate cause of his injury he received; I also find that the plaintiff’s conduct did not amount to wilful or wanton disregard of his own safety. ’ ’
The defendant seasonably filed certain requests for rulings of which the first and eighth were allowed and are alone material. The Court found for the defendant. The plaintiff claiming to be aggrieved by the allowance of said rulings requested a report. These rulings are as follows:
*56 “1. The plaintiff has the burden of sustaining, by a fair preponderance of evidence, the allegation of negligence on the part of the defendant.
8. An employee accepts, by his contract of employment, the risks attending the conditions existing upon the employer’s premises and involved in the operation of machines then being used thereon if such conditions are obvious to a man of common understanding and observation and could be seen on reasonable inspection.”
There was no prejudicial error in the first ruling requested and given. It was said in Currier vs. Whitin Machine Works, 252 Mass. 82 “The employer was not a subscriber under the Workmen’s Compensation Act, G. L. Ch. 152. This however does not relieve the plaintiff of the burden of proving that negligence of the employer was a proximate cause of the injury.”
It was error on the part of the Trial Court to give the second requested ruling. The decision in Green vs. Cohen, 1937 A. S. 1507 is conclusive as to this point. There is in the opinion in that case a comprehensive discussion of the whole question of liability of an employer not insured under the Workmen’s Compensation Act. While the case turned upon the liability of the defendant through the negligence of his superintendent or foreman, the principle enunciated is the same whether it be claimed that the injury was caused by the negligence of a fellow employee or that the employee had assumed the risk of the injury. G. L. Ch. 152, §66. See also Opinion of the Justices, 209 Mass. 607, 610.
It remains to consider whether this error was prejudicial. In this connection it is to be noted that the Trial Court did not make an unequivocal finding that there was no negligence on the part of the defendant. In the decision it is stated “I find that the plaintiff has not shown by fair preponderance of evidence that the negligence of the defendant *57 was the proximate cause of his (sic “the”) injury which he received.” Before making this statement however the Court seems to indicate that a large and perhaps compelling element in his decision was the fact that as he applied the law the defendant had “assumed voluntarily the risk of his employment on such machine.” Because we cannot be certain that the decision was based solely upon the question of the negligence of the defendant we feel that there must be a new trial and it is so ordered.