LOUIS CROOKS, Appellee, vs. THE TAZEWELL COAL COM-PANY, Appellant.

*Opinion filed April 23, 1914.*

1. CONSTITUTIONAL LAW—*the Workmen's Compensation act of 1911 is not unconstitutional.* The Workmen's Compensation act of 1911 is not unconstitutional. (*Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, followed.)

2. WORKMEN'S COMPENSATION—*common law defenses are lost to employer electing not to be under the act.* An employer who elects not to come under the Workmen's Compensation act of 1911 by giving the proper notice to that effect is not governed by such act, but he loses the common law defenses of assumed risk, fellow-servants and contributory negligence, except that the latter may be shown for the purpose of reducing damages.

3. SAME—*when employee is not limited in his recovery to compensation provided for in the act.* If both employer and employee have elected to come under the Workmen's Compensation act of 1911, then the employee, in case of injury, is limited to the compensation therein provided for, but if the employer elects not to be bound by the act then the employee is not bound thereby and may bring the ordinary action at law to recover damages for his injury.

4. SAME—*when evidence of mining experts is properly denied admission.* In a mine accident case, where witnesses have testified to the actual conditions existing at the place in the mine where the injury occurred, it is proper to refuse to admit evidence of mining experts that the defendant's mine was properly equipped, constructed and operated.

5. DAMAGES—*the amount of damages recoverable is largely a question for the jury.* The amount of damages recoverable in an action for personal injury is largely a question for the jury, and a court of review will not interfere with the determination of that question unless the amount is clearly unreasonable.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

W. R. CURRAN, (MASTIN & SHERLOCK, of counsel,) for appellant.

JESSE BLACK, JR., and JAMES P. ST. CERNY, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action on the case in the circuit court of Tazewell county by Louis Crooks, the appellee, against the Tazewell Coal Company, appellant, to recover damages for an injury claimed to have been sustained by him on May 28, 1912, while in the employ of appellant in its coal mine near the city of Pekin, in said county. The declaration consists of two counts. The first count alleges the use and operation of the mine by appellant; its equipment; the employment of appellee and appellant's duty to furnish him with a safe place in which to work; the failure to furnish and provide such a place, and that by reason thereof appellee, while in the exercise of due care for his own safety, was injured, etc. The second count is the same as the first, with the further allegation that the appellant knew of the dangerous and unsafe condition and promised to remove the same, and that the appellee, relying upon such promise, continued in the employ of the appellant. The specific negligence charged was the failure of appellant to construct a certain entry of sufficient height and width to permit the moving of cars through the same without rubbing the sides or ceiling, and in permitting the bottom of said entry to become congested and unsafe from coal and other materials being scraped off the top of loaded cars hauled through and along the entry. Each of the counts also contains the allegation that appellant elected not to come under the act commonly known as the Workmen's Compensation act of 1911, in force May 1, 1912, that it had filed a notice with the State Bureau of Labor Statistics of such election, and that it refuses to provide and pay compensation to its employees in accordance with the provisions of said act for injuries accidentally suffered by them while in its employ. Appellant filed a plea of general issue to each count, and on the issue thus formed the cause proceeded to trial, resulting in a judgment in favor of the appellee for $3000. Appellant prayed and perfected an appeal to the Appellate

Court for the Third District, which, on motion of appellee, has certified the cause to this court for the reason a constitutional question was involved.

Numerous errors are assigned by appellant, which resolve themselves into the following contentions: (1) That the Workmen's Compensation act of 1911, in force May 1, 1912, is unconstitutional and void, in that it deprives appellant of its property without due process of law, and also deprives it of the equal protection of the law with all other citizens of this State; (2) that an employee who has elected to accept the provisions of that act must bring his action under and as directed by it and is limited in his recovery to the compensation provided by that act, and that the same cannot be recovered by him in an action on the case such as the one at bar; (3) that the jury were erroneously instructed as to the law of the case; (4) that the trial court erred in its ruling on the admission and exclusion of evidence; and (5) that the verdict of the jury is contrary to the law and the evidence and the damages awarded are excessive.

Appellant, the Tazewell Coal Company, is a corporation engaged in the mining of coal in what is called a shaft mine, near Pekin, in Tazewell county. The main shaft is approximately one hundred and sixty feet in depth. From the bottom of this main shaft various tunnels, called entries, lead to the several rooms from which the coal is mined. These entries are about twelve feet in width and four and one-half feet high. Appellee was injured in what is known as the tenth south entry, between rooms 19 and 20 on this entry. The coal as mined at the rooms is loaded into cars about four feet two inches in width, eight feet in length and two feet in depth. These are hauled back and forth by mules and run on a track of two rails laid along the floor of the entry. Appellee was a mule driver, twenty-four years of age, and had twelve years' experience at driving and working in mines. He had been in the employ

of appellant four days at the time of his injury. The first two days were spent in greasing and spragging cars. On May 27, 1912, under the direction of the driver-boss he went to work, along with one Hawkins, in the tenth entry, and in passing the place where he was injured he noticed that the entry was low, gob (or slate and rock refuse) piled along the side of the entry and coal on the track between the rails. The clearance at this point between the top of the car and the top of the entry was about seven inches and about seventeen inches along the sides. On the morning the plaintiff was injured, May 28, he started on the trip, following another mule driver (Hawkins) along this entry, and saw on the track and at the sides of the entry debris and lumps of coal large enough to obstruct the car wheels, and he complained to the driver-boss (Ryan) about the dirty road and the low roof in the entry at this place. He also claims to have been present at a conversation between Hawkins and the mine boss, (Williams,) which occurred about nine o'clock on the day of his injury, in which Hawkins told Williams he wanted a shovel to clean the coal off at this place, as it was in such condition that one was liable to get hurt there or killed, and that the mine boss told them to go ahead,—that he knew the place was bad and he would have it fixed just as soon as he could get time. This conversation is denied by Ryan and Williams. In making the drive appellee stood, as was customary, with one foot on the bumper at the front of the car and the other on the chain by which the mule was hitched to the car, with his right hand on the mule and his left hand on the car. He commenced work that morning at 7:30 o'clock and was injured about 12:30. He was riding, at the time, on the front end of a car in a trip of three cars, and his left foot caught on a chunk of coal that had been scraped off or had dropped from a preceding car and pulled him off the car. He fell in front of the car, and the car ran onto him and partially over him. He

caught the butt-stick or single-tree with which the mule was hitched to the chain attached to the car and pulled himself from under the car but was knocked down again but finally succeeded in getting upon the car and rode thereon in the same manner as before he was injured, a distance of about seven hundred feet, out to the main entry, where he was assisted to the shaft and to the surface of the ground and to his home. The medical examination disclosed that he had a sprained left ankle and the arch of the left foot was broken,—that is, the ligaments from the bones in the top of the foot were torn loose. At the time of the trial, four months after the injury, the foot was still discolored and swollen and he was unable to use it. He was confined to his bed about two weeks and subsequently walked with crutches up to the time of the trial. The doctor who attended him testified that the injury is permanent. At the time of the injury appellee was receiving $2.84 a day for eight hours' work.

It is assigned for error that the Workmen's Compensation act is unconstitutional. In *Deibeikis* v. *Link-Belt Co.* 261 Ill. 454, this court sustained the constitutionality of the act as a whole, and we do not deem it necessary to again discuss that question. Our opinion in that case not having been published at the time this cause was transferred from the Appellate Court the case is properly here. It was there pointed out, as provided in the act, that the act was not mandatory but elective, and that when both the employer and employee come under the act and subject to its provisions the act becomes a part of the contract of employment and enforcible between the parties as such; that if the employer elects not to come within the provisions of the act and files the proper notice with the State Bureau of Labor Statistics he is not subject thereto, with one exception, viz., that he forfeits his right to interpose the common law defenses of assumed risk, fellow-servant and contributory negligence, except that the latter might be shown for the pur-

pose of reducing the damages; that these rules of law were established by the courts and not by the constitution, and might be modified or repealed or abolished entirely by the legislature. Appellant does not attempt to point out any particular section or sections of the act as being unconstitutional and void, and the decision in *Deibeikis* v. *Link-Belt Co. supra,* is therefore conclusive as to the constitutionality of the act as a whole.

As to appellant's second contention, we held in the *Deibeikis case, supra,* that the relation between employer and employee, when both accept the provisions of the act, is one of contract, of which contract the said law is a part, but if either elects not to come under the law and so notifies the proper authorities, then there is no, such contract. Where the employer has exercised the right of election, the employee, in seeking redress for injuries sustained, is not bound by such contractual relation and accordingly is not limited in his recovery to the compensation provided by the act. He cannot be said to be bound by a contract that has never been made. Where both the employer and the employee have elected to come within and be bound by the provisions of the act, then, in seeking redress under it, the action must be brought pursuant to and in accordance with its terms and provisions, but when the employer has elected not to be bound by the act then the parties are remitted to their action at law and are governed in all respects by the rules and principles of law applicable to such actions, except, alone, as to the matter of the defenses of assumed risk, fellow-servant and contributory negligence. Appellant cannot insist that appellee be bound by all the provisions of a law which appellant has elected not to be bound by. There was therefore no error in permitting appellee to show that appellant had elected not to come under the act, nor in giving the instructions on behalf of the appellee which were drawn upon the theory that the defenses of assumed risk, fellow-servant and contributory negligence

were not available, except that the latter might be shown for the purpose of reducing the damages. Nor was it error to refuse the instructions of appellant which were based upon the above named defenses. The instructions, so far as they relate to the act in question, were a correct exposition of the law as applied to the facts in this case.

The giving of certain instructions is assigned as error on the ground that they ignore the proposition that under the Workmen's Compensation act appellee's contributory negligence should be considered by the jury as reducing damages. The jury were in another instruction, however, instructed that if the defendant has elected not to provide and pay the compensation to injured employees under the provisions of the Workmen's Compensation act it cannot escape liability for injuries, if any are shown by the evidence, sustained by the plaintiff arising out of and in the course of his employment, even though they believe, from the evidence, that such injuries, if any are shown, were proximately caused by the contributory negligence of the plaintiff, and the jury were instructed that in such case the contributory negligence, if any is shown by the evidence, should be considered by them in reducing the amount of damages. The same charge was contained in other instructions. On this point the jury were correctly instructed.

The admission of evidence complained of was simply the evidence necessary to show that appellant had rejected the provisions of the Workmen's Compensation act, and hence could not set up the defenses of assumed risk, fellow-servant or contributory negligence, except that contributory negligence could be shown by way of lessening the damages. If the law is valid,—and we have held that it is,— then this evidence was proper. The court, on objection, refused to admit certain evidence offered on behalf of the appellant, being that of certain of its employees who testified as mining experts. The appellant offered to prove by these witnesses that the mine was completely and properly

equipped, constructed and operated, to contradict the evidence of appellee and other witnesses as to the condition of the entry where he was injured. In a certain class of cases expert evidence is proper to show the effect of certain conditions, but the sole question in this case was whether or not the alleged entry in question had become obstructed with debris so that it was unsafe for the purposes of appellee's employment. Other employees of the appellant testified in its behalf as to the actual condition of the entry at the time of the accident, but expert evidence or the opinions of witnesses as to the condition of the mine generally, or even as to the condition of the entry at the place where appellee was injured, or the probable effect of such condition, would not be competent as against the evidence of witnesses who testified as to the actual conditions, nor do we think such evidence would be material in this case.

Appellant also contends that the verdict of the jury and the judgment are contrary to the law and evidence and that the verdict and judgment are excessive. The injury to appellee was of such a nature that it is difficult for a court and jury to fix exactly the measure of damages, and it is more difficult for a court of review to pass on a contention that such damages are excessive. The extent of appellee's injury covers a wide range of possibilities. The physician who attended him longest and who seems to have a better knowledge of the nature and extent of the injury, testified that the injury is permanent. Appellee suffered a sprain to his ankle, from which he had practically recovered at the time of the trial, four months after the accident. This part of the injury is unimportant in estimating the amount of the damages. As to the other injury,—the broken arch of the foot,—the evidence, except that of the physician above mentioned, is silent as to its probable or ultimate effect. It is difficult to tell whether it is an injury from which the appellee will recover in a few months or will recover the full use of his foot by the use of mechanical ap-

pliances, or whether he will be a cripple for life. In the latter event the damages would not be excessive. A motion was made for a continuance on account of the absence of a material witness, and in the affidavit for the continuance by appellant it was set out that said witness would testify, if present, that appellee at a time after the commencement of the suit, and prior to the September term, 1913, of court when the suit was tried, while passing the home of witness was attacked by a dog, and that appellee became frightened, threw away his crutches, and ran from the dog as though he were not injured and suffering pain. The affidavit was admitted for the purpose of avoiding a continuance. This evidence is denied by appellee. Had appellant been under the terms of the Workmen's Compensation act appellee could have recovered only about thirty per cent of the amount of the judgment had he been totally incapacitated for two years. In *Consolidated Coal Co.* v. *Shepherd,* 220 Ill. 123, it was held that a judgment for $2000 recovered for an injury to the foot and ankle of a man twenty-eight years of age, which incapacitated him from working for thirty-eight days and the use of his foot being to some extent permanently impaired, was held to be not excessive. In *Town of Cicero* v. *Bartelme,* 212 Ill. 256, it was held that a judgment for $3500 for a transverse fracture of the knee-cap, producing a permanent injury, was not excessive; and in *Chicago, Rock Island and Pacific Railway Co.* v. *Steckman,* 224 Ill. 500, it was held that a judgment for $3000 was not excessive, where the plaintiff, a laborer, received serious and painful injuries in one of his legs and where his capacity for work was reduced. Appellee, on the trial, exhibited the injured foot to the court and jury, and the evidence of one of the physicians was based, in part, on seeing the foot at the time of the trial. No evidence was offered by appellant, by physicians or otherwise, to show the nature and extent of the injury. In any event, the amount of damages, if any, is largely a question

for the jury and must be left to their sound discretion. (*Springfield Consolidated Railway Co.* v. *Hoeffner,* 175 Ill. 634.) Such a judgment will not be set aside, on appeal, unless the amount is unreasonable or plainly the result of passion or prejudice. ° (*North Chicago Street Railroad Co.* v. *Zeiger,* 182 Ill. 9; *Western Underwriters Ass'n* v. *Hankins,* 221 id. 304.) On the whole we are unable to say that the judgment was so excessive as to warrant a reversal for that cause.

For the reasons given the judgment of the circuit court will be affirmed.

*Judgment affirmed.*