DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1915 and 1916.

---

**In the Matter of the Estate of Cassius M. Coyle, Deceased.**

**Alice L. Coyle, Executrix, Appellant, v. W. D. Castle, Surviving Partner, Appellee.**

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOS-TIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Partnership accounting by a surviving partner. In the matter of the estate of Cassius M. Coyle, deceased, W. D. Castle, surviving partner. Alice L. Coyle, executrix, objector, against W. D. Castle, surviving partner, defendant. From a decree directing the objector to pay a certain sum to the defendant, the objector appeals.

WELTY, STERLING & WHITMORE, for appellant.

STONE, OGLEVEE & FRANKLIN, for appellee.

(1)

Coyle v. Castle, 201 Ill. App. 1.

Mr. Justice Graves delivered the opinion of the court.

## Abstract of the Decision.

1. Jury, § 9*—*when parties no right to trial by jury.* In a case settling up partnership affairs after the death of one partner, *held* the parties were not entitled to a trial by jury.

2. Trial, § 289*—*when propositions of law may be submitted.* Propositions of law may only be submitted in cases where the right of trial by jury existed and the jury has been waived.

3. Appeal and error, § 1166*—*when propositions of law not reviewed.* The correctness or incorrectness of rulings of the trial court on propositions of law submitted need not be considered on appeal where there was no right to submit propositions of law.

4. Appeal and error, § 1712*—*when assignments of error deemed waived.* Assignments of error on appeal are considered waived if not argued.

5. Appeal and error, § 1394*—*when findings not disturbed as unsupported by evidence.* On appeal in a partnership accounting, rulings on objections to items of account will be sustained unless clearly against the manifest weight of competent evidence.

6. Appeal and error, § 1265*—*when judgment, order or decree presumed correct.* Unless all the evidence upon which a judgment, order or decree was based is preserved in the record on appeal, such judgment, order or decree will be presumed to be correct.

7. Evidence, § 122*—*when secondary evidence inadmissible.* Where in a partnership accounting original books, accounts, checks, etc., are in evidence, transcripts and abstracts made therefrom by an expert accountant are not competent.

8. Evidence, § 164*—*what does not constitute admission against interest.* Where a surviving partner in his account charged himself with a certain item, stating that the executrix of the deceased partner claimed that it was properly so chargeable but that he reserved the right to make proof of its correctness, *held* that the charging of such item was neither an admission against interest nor proof of its correctness.

9. Evidence, § 366*—*when inadmissible as conclusion of witness.* Testimony of a witness that a surviving partner had admitted that certain items should be charged to him in his account and that the witness thought such items amounted to a certain sum, *held* inadmissible as being a pure conclusion of the witness.

10. Partnership, § 404*—*when presumed that items properly charged to firm's account.* Where a deceased partner had also been

cashier of the bank on which checks payable to the surviving partner were drawn and charged to the firm's account, *held* that on an accounting by the surviving partner it would be presumed that such items were properly so charged from the fact that the deceased partner had access to the books and there was no evidence that he objected to such procedure.

11. PARTNERSHIP, § 407*—*when evidence sufficient to sustain allowance of item in action for accounting.* A ruling of the trial court in a partnership accounting as to the correctness of a certain item as charged, sustained, though at variance with the deductions made by a partisan expert accountant from records not preserved in the abstract, where witnesses had been heard by the trial court and the expert's deductions were shown to be unreliable.

12. COSTS, § 73*—*when appellant properly charged with cost of additional abstract.* Where the appellant's abstract on appeal was defective, the cost of an additional abstract furnished by the appellee was, on affirmance of the judgment, taxed against the appellant.