## Louis Bednar, Jr., by Louis Bednar, Sr., Appellee, v. Mt. Olive & Staunton Coal Company, Appellant.

1. WORKMEN'S COMPENSATION ACT, § 2*—*what defenses not available as result of refusal to come under act.* The common-law defenses of assumed risk, negligence of a fellow-servant and contributory negligence are not available to an employer who has elected not to accept the provisions of the Workmen's Compensation Act of 1913.

2. WORKMEN'S COMPENSATION ACT, § 2*—*when evidence tending to show contributory negligence admissible in mitigation of damages.* In an action to recover for personal injuries sustained by a servant since the enactment of the Workmen's Compensation Act of 1913, evidence tending to show contributory negligence of plaintiff is competent in mitigation of damages where the employer has elected not to provide and pay compensation as provided by the statute.

3. MASTER AND SERVANT, § 126*—*what is duty of master to furnish safe place to work.* An employer who has elected not to provide and pay compensation as provided by the Workmen's Compensation Act of 1913 owes to his employees the duty of furnishing a reasonably safe place in which to work.

4. MINES AND MINERALS, § 100a*—*what is duty of owner of mine to keep tracks unobstructed.* The owner or operator of a mine who has elected not to provide and pay compensation as provided by the Workmen's Compensation Act of 1913 owes to his employees the duty of exercising reasonable care and diligence to keep the tracks in the mine entries free from dangerous obstructions or conditions, and for breach of such duty the employer will be liable in damages.

5. MASTER AND SERVANT, § 206*—*when master liable for negligence of other servants.* The negligence of the employee is the negligence of the employer, and if injury to another employee is caused by such negligence, the employer must respond in damages, where he has elected not to come under the Workmen's Compensation Act.

6. MINES AND MINERALS, § 182*—*when negligence of master question for jury.* In an action to recover for personal injuries sustained by a mine employee since the enactment of the Workmen's Compensation Act of 1913, where the employer has elected not to provide and pay compensation as provided by the statute, and where it was alleged that the injuries sustained were the result of defendant's negligence, the question whether defendant was negligent under the evidence is a question of fact for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. MINES AND MINERALS, § 173*—*when evidence sufficient to sustain verdict in action for negligent injuries.* In an action to recover for personal injuries sustained by an employee since the enactment of the Workmen's Compensation Act of 1913, where the employer had elected not to provide and pay compensation as provided by the statute, and where is appeared that plaintiff was injured as a result of a collision between a car which he was driving in a mine and another car driven by other employees of defendant who were alleged to have disregarded a warning from the trapper not to enter on the track where the accident occurred until plaintiff's car had passed, evidence *held* sufficient to sustain the verdict.

8. MINES AND MINERALS, § 177*—*when evidence sufficient to prove negligence of fellow-servants.* In an action to recover for personal injuries sustained by a miner since the enactment of the Workmen's Compensation Act of 1913 where the employer had elected not to provide and pay compensation as provided by the statute, and where it was alleged that plaintiff's injuries were the result of defendant's negligence, and it appeared that plaintiff was a driver in defendant's mine and was using the track where the accident occurred in the performance of his duties, that other employees desiring to move a car on which they had loaded their tools proceeded to a trap door where the trapper informed them that plaintiff was in the entry into which such employees intended to go and requested them to wait until plaintiff came out, and that they proceeded on their way without regard to the request and collided with plaintiff's car a few feet from the door, evidence *held* to tend to prove negligence on the part of such other employees.

9. MINES AND MINERALS, § 126*—*when miner not bound to guard against unusual use of tracks.* A driver in a mine is not bound in the exercise of ordinary care to anticipate and guard against an unusual use of the track on which he is driving his car.

10. MINES AND MINERALS, § 135*—*when disregarding custom constitutes contributory negligence.* In an action to recover for personal injuries sustained by a miner since the enactment of the Workmen's Compensation Act of 1913, where the employer elected not to provide and pay compensation as provided by the statute, the fact that plaintiff disregarded an established custom of the mine amounts merely to contributory negligence, which in such case is not available as a defense.

11. INSTRUCTIONS, § 105*—*when instruction as to form of verdict not erroneous.* An instruction as to the form of verdict is not objectionable because the words "here state the amount, if any, you find" were underscored, it being presumed that ordinary

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

men would understand that the blank space in the form submitted was to be filled in by the jury in case they found for plaintiff.

12. MINES AND MINERALS, § 196*—*when instruction as to right of employees to use track erroneous.* In an action to recover for personal injuries sustained by a miner since the enactment of the Workmen's Compensation Act of 1913, where the employer elected not to provide and pay compensation as provided by the statute, and where plaintiff's injuries were sustained in a collision between a car which plaintiff was driving and a car driven by other employees, an instruction as to the relative rights of plaintiff and such other employees to the use of such track examined and *held* properly refused, there being no evidence to support the first part of the instruction, and the instruction claiming for such other employee's rights to use such track which were doubtful as a matter of law, as well as ignoring the duty of such other employees in using such track to exercise due care and caution not to expose plaintiff to unnecessary danger.

13. MINES AND MINERALS—*what are comparative rights of miners using tracks.* A miner, whose chief and main duty is to haul empties to and loaded cars from the rooms of miners, has a right to the use of the track superior to those using the track occasionally or incidentally, as for example, the hauling of miner's tools.

14. MINES AND MINERALS, § 126*—*when miners using tracks required to use care not to injure others.* Miners using the tracks of the mine for incidental and occasional purposes are bound to exercise due care and caution in such use, so as not to expose to unreasonable danger other miners having a right to use the track.

15. DAMAGES, § 110*—*when verdict not excessive.* In an action to recover for personal injuries sustained by a miner since the enactment of the Workmen's Compensation Act, where the employer elected not to provide and pay compensation as provided by the statute, and where plaintiff's injuries were sustained in a collision between cars in defendant's mine, a verdict for plaintiff for $4,500 *held* not so excessive as to indicate passion or prejudice on the part of the jury.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

WARNOCK, WILLIAMSON & BURROUGHS and GILLESPIE & FITZGERALD, for appellant.

D. H. MUDGE, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McBRIDE delivered the opinion of the court.

Appellee sued appellant to recover damages on account of personal injuries sustained by him while employed in its coal mine, and recovered a judgment for $4,500, to reverse which this appeal is prosecuted.

Appellee, at the time of the injury, was employed as a driver in appellant's mine. The declaration consisted of five counts and charged a failure on the part of appellant to furnish appellee with a reasonably safe place in which to work. That appellant failed to keep the track used by appellee reasonably free of dangerous obstructions; that it permitted said track to be obstructed by a pit car standing upon said track with which appellee collided. That appellant failed to warn appellee of the obstruction standing upon said track and with which he collided. The declaration charges that appellant had elected not to accept the provisions of the Workmen's Compensation Act of Illinois, in force July 1, 1913. Appellant pleaded the general issue.

The evidence tends to show that appellee was injured on the 30th day of September, 1913; that at the time of the injury he was employed as a driver, working from a parting in what is known as the "Second Left North Parallel Entry" of appellant's mine, north to the ninth and tenth north entries, and thence to the west through the entries last named, to the face of said entries. His duties consisted in getting empty cars at the parting, located at the point of intersection of the parallel with the main entry, and hauling them to the rooms of the loaders, working in the ninth and tenth north entries, and hauling loaded cars from the rooms to the parting. This parting was about three-hundred feet south of the point where the ninth and tenth north entries intersect the parallel. The ninth and tenth north entries are fifty feet apart and extend about three hundred feet west of the parallel.

A trap door was located in this parallel entry, same being about fifteen feet north of the point of intersection of the ninth north entry with the parallel, and thirty-five féet south of the point of intersection of the tenth north entry with the parallel. A trapper was stationed at this door to open and close the same.

In the tenth north entry, being one of the entries in which appellee worked, beginning at room 19, there was a down grade, towards the parallel, and the evidence tends to show that when the car or cars of a trip passed on to this grade it was impossible to stop them until the trap door was reached. At the time of the accident appellee was hauling a trip from room 21 on the tenth north, and when he came from the room on to the entry track he was about two hundred feet from the trap door.

The evidence further tends to show that on the day of the accident two other servants of appellant, Vandy and Raysheck, who had been mining in the ninth north entry, were moving to a new working place in the tenth north entry. They had loaded their tools into an empty car and requested appellee to haul it to their new working place, and he promised to do so after making another trip, but it seems that they were not disposed to wait, and started to move the car themselves. They proceeded with their car out of the ninth north into the parallel, and turned north on their way to the tenth north. At the trap door, the trapper directed them to wait, informing them that appellee was in the tenth north and would be out immediately. The evidence tends to show that these men disregarded the notice given them by the trapper, and passed on with their car through the trap door, and when a few feet to the north of said door, appellee, who was coming with the trip from room 21 on the tenth north, collided with their car in the parallel, and sustained the injuries complained of.

As grounds for a reversal it is urged that the evi-

dence fails to disclose any negligence for which appellant can be held liable, error in giving and refusing instructions, improper argument by counsel for appellee; and that the damages awarded are excessive.

Appellant having elected not to accept the provisions of the Workmen's Compensation Act, it has forfeited its right to interpose in this case the common-law defenses of assumed risk, fellow-servant, and contributory negligence, except that the latter may be shown for the purpose of reducing the damages. (*Deibeikis v. Link-Belt Co.,* 261 Ill. 454, 5 N. C. C. A. 401; *Crooks v. Tazewell Coal Co.,* 263 Ill. 343, 5 N. C. C. A. 410.)

Appellant owed to appellee the duty of furnishing him a reasonably safe place in which to work. It was required to exercise reasonable care and diligence to keep the track in the entries in which he worked free from dangerous obstructions or other dangerous conditions which would expose him to danger, and for any breach of this duty it is liable in damages. It remains to be determined, therefore, whether Vandy and Raysheck were guilty of negligence in moving their car of tools in the maner they did, and if so was appellant chargeable with this negligence.

It is conceded that Vandy and Raysheck were servants of appellant, and it has been urged herein that they were acting within their rights in undertaking to move the car with their tools, at the time, and under the circumstances, then existing, and hence the rule of *respondeat superior* applies. If they were guilty of negligence at the time, their negligence was the negligence of appellant, and if in consequence of that negligence appellee was injured, it follows that appellant is liable to respond in damages for the injuries sustained. (Thompson on Negligence, vol. 1, secs. 518, 519, 520 and 521; *Barker v. Chicago, P. & St. L. Ry. Co.,* 243 Ill. 482; *North Chicago City Ry. Co. v. Gastka,* 128 Ill. 613; *Noble v. Cunningham,* 74 Ill. 51.)

Whether or not Vandy and Raysheck were guilty of

negligence, in attempting to move their car with their tools from the ninth to the tenth north, under the circumstances then existing, was a question of fact for the jury, and we cannot say that in finding that it was, the jury disregarded, or found contrary to, the weight of the evidence. These men knew that appellee was driving in these entries, and the parallel, and that his duties required him to use the tracks therein constantly. They had requested him to haul the car for them, and he had promised to do so after his next trip, and he had no reason to suppose that they would not wait for him for that purpose. The evidence tends to show that when they came to the trap door the trapper requested them to wait, and informed them that appellee was in the tenth north entry and would be out immediately. Notwithstanding this request and this notice, they proceeded on their way, and the collision resulted a few feet beyond the trap door in the parallel. This evidence tended to establish negligence on the part of these men. Their use of the track, under the circumstances and for the purposes disclosed, was an unusual one, which appellee was not bound to anticipate and guard against.

It has been urged by appellant that appellee disregarded a custom in force in this mine which required the driver, when coming down a grade, to stop at the top of the grade and signal his approach, and remain there until he received a signal from the trapper that the way was clear.

It may be remarked here that we find no satisfactory evidence of any such custom, nor did the officers and agents of appellant testify to any certain set of signals, which were in use, or which were followed, or which appellant sought to enforce in the operation of its mine. Nor do we perceive how appellee, if waiting at the top of the grade in the tenth north, some fifty or a hundred feet west of the parallel, could see a "high-ball," given by a trapper from his station in the

parallel thirty-five feet south of the tenth north. But even if such custom had been clearly established and its violation clearly shown, this would have amounted to contributory negligence only, and as indicated by the authorities cited, that defense is not now available in actions of this character.

We have examined the given instructions for appellee of which complaint is made, and find nothing objectionable therein. We do not regard the underscoring of the words, "here state the amount, if any, you find," in the instruction as to form of verdict, objectionable. It is apparent that what is claimed to be an "underscoring" of the words, indicated nothing more than the blank space in the verdict to be filled in by the jury in case they found for appellee, and it is not to be presumed that ordinary men would understand it in any other light. The authorities cited by appellant do not sustain its criticism of this instruction.

We do not think the court erred in refusing appellant's instruction of which complaint is made. There is no evidence in this record on which to base the first portion of the instruction, and we are not prepared to say that the rights therein claimed to exist do exist as a matter of law. It would seem, in fact, that a driver whose chief and main duty is to haul empties to and loaded cars from the rooms of the miners would have a superior right to the track as against an incidental and occasional use such as Vandy and Raysheck were making of the track at the time. There is no evidence tending to show that appellee knew of such use, and even if it be conceded that the rights of Vandy and Raysheck to use the tracks were equal to the rights of appellee, they were still bound to exercise those rights with due care and caution, and so as not to expose other servants of appellant having a like right, to unnecessary or unreasonable danger, and this instruction entirely ignores this principle of law.

We cannot say that the argument of appellee's counsel, of which complaint is made, is of such a character as to require a reversal of the judgment herein, nor do we regard the size of the verdict, in view of the injuries sustained, as indicating passion or prejudice on the part of the jury.

Finding no reversible error in the record herein, the judgment of the Circuit Court is hereby affirmed.

*Affirmed.*