Fromm v. New Staunton Coal Co., 211 Ill. App. 3.

## Peter Fromm, Appellee, v. New Staunton Coal Company, Appellant.

1. APPEAL AND ERROR, § 1712*—*when assignments of error deemed waived.* Assignments of error may be considered as waived, if not argued.

2. WORKMEN'S COMPENSATION ACT, § 2*—*what is effect of rejection of by employer.* An employer who elects not to accept the provisions of the Workmen's Compensation Act forfeits his right to interpose the common-law defense of assumed risk.

3. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on assumption of risk is properly refused.* In an action against an employer, who had elected not to accept the Workmen's Compensation Act, to recover for injuries to an employee received by the falling of the roof in defendant's mine, it is not error to refuse to give instructions which, in substance, advise the jury that if plaintiff knew of the dangerous condition of the roof he could not recover.

4. MASTER AND SERVANT, § 537*—*what declaration in action for personal injuries should state as to duty of master.* In an action to recover for personal injuries to an employee, it is not necessary or even sufficient for the declaration to allege that it was defendant's duty to do certain things, but it must state a condition of things from which the law will raise the duty.

5. MASTER AND SERVANT, § 123*—*what is duty as to providing safe place to work.* It is the duty of an employer to use reasonable care to provide his employees a reasonably safe place in which to work.

6. MINES AND MINERALS, § 141*—*when declaration sufficiently alleges facts from which duty to use reasonable care to furnish safe place to work will arise.* In an action by an employee to recover for personal injuries received through the fall of the roof of a mine room in which he was working, a count in the declaration which alleges defendant's ownership and operation in the mine, plaintiff's employment as defendant's employee in the room of the mine, that the roof of the room was in a dangerous condition, that defendant knew or, by the exercise of ordinary diligence, could have known of such condition, and that it knew that plaintiff was employed in such room, shows facts from which the law will impose upon defendant the duty to use reasonable care to furnish plaintiff a safe place to work, and further allegations that it was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant's duty to notify plaintiff of the dangerous condition of the roof and that it did not perform such duty may be disregarded as surplusage.

7.   PLEADING, § 441*—*what averments of declaration must be proven.*  Plaintiff is required to prove only such of the material averments of his declaration as are sufficient to make a case.

8.   MASTER AND SERVANT, § 537*—*what must be averred in action by employee for personal injuries.*  In an action by an employee to recover for personal injuries, it is necessary to aver three elements to state a cause of action:   (1) The existence of a state of facts from which the law will raise a duty on defendant's part to protect plaintiff; (2) defendant's failure to perform such duty; (3) an injury to plaintiff resulting from the failure.

9.   MASTER AND SERVANT, § 538*—*when declaration states cause of action for failure to furnish safe place to work.*  In an action by an employee to recover for personal injuries, where the material facts alleged in the declaration show the existence of a duty on defendant's part to use reasonable care to furnish plaintiff a safe place to work, defendant's failure to do so and a resultant injury to plaintiff, a cause of action is stated, even though the statement of the facts is defective.

10.   LIMITATION OF ACTIONS, § 58*—*when subsequent amendments to declaration not barred.*  If an original declaration is filed in apt time stating a cause of action, even though defectively or imperfectly, subsequent amendments, though filed after the statute of limitations has run, will not be barred thereby if they amount to no more than a restatement, in a different or better form, of the cause of action originally declared upon.

11.   MINES AND MINERALS, § 185*—*when peremptory instruction for defendant in action for personal injuries to miner through fall of roof in mine is properly refused.*  In an action by an employee to recover for personal injuries received through the falling of the roof of a room in the mine, where the only negligence charged and the only question for the jury is that defendant permitted plaintiff to work under a dangerous roof and defendant offers no evidence, while plaintiff and two others testify to the dangerous condition of the roof for one or two days before it fell and another witness as to its condition at and after the accident, it is not error to refuse a peremptory instruction for defendant.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.  Heard in this court at the October term, 1917.  Affirmed.  Opinion filed April 5, 1918.

*See *Illinois Notes Digest,* Vols. XI to XV, and **Cumulative Quarterly,** same topic and section number.

WILLIAM E. WHEELER, for appellant.

HAROLD J. BANDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee filed suit against appellant in the Circuit Court of Madison county, to recover damages for personal injuries sustained by him on November 18, 1914, while working for appellant in its coal mine at Livingston, Illinois.

The original declaration consisting of two counts was filed September 16, 1916. The first count was based upon the Mining Act. The second count averred common-law negligence, and whether this count stated a cause of action is one of the questions presented for consideration. After averring the ownership and operation of the mine by appellant and the division of the mine into various rooms and entries, among which was a room known as room No. 46, this count alleges that "on November 18, 1914, he (plaintiff) was engaged as a servant of the defendant in loading coal in said room No. 46 of defendant's said coal mine"; that on said date "the roof of said room No. 46 of defendant's said coal mine, in which said room plaintiff was loading coal as aforesaid, was in a dangerous condition, in that the coal in said roof was loose and likely to fall and injure persons working in said room No. 46; that defendant on said November 18, 1914, knew that the coal in the roof of said room No. 46 was loose and likely to fall and injure persons working in said room No. 46, or could have known of the same by the exercise of ordinary diligence; that the defendant also knew that plaintiff, as said servant of the defendant, was engaged on said November 18, 1914, as such servant of the defendant in loading coal in said room No. 46"; that "it therefore became and was the duty

of defendant, on said November 18, 1914, to notify plaintiff that the coal in said roof of room No. 46 was loose and likely to fall and injure persons working in said room No. 46. But the defendant did not regard its duty in that behalf on said November 18, 1914, but did, on the contrary, negligently and carelessly permit plaintiff to load coal in said room No. 46, after knowledge on the part of defendant of said dangerous condition, without notifying plaintiff of the existence of said loose coal in said roof, by reason of which negligence, on the part of defendant, in failing to notify plaintiff of said dangerous condition, the plaintiff was struck by a piece of coal which fell from said roof of room No. 46, on said November 18, 1914,'' and that plaintiff was thereby greatly injured. The count further alleges that defendant had elected to operate under the Workmen's Compensation Act. A general demurrer was sustained to both counts of this declaration. On February 16, 1917, appellee filed an amended declaration of eight counts. A demurrer was sustained to the first seven counts of this declaration. The eighth count was afterwards abandoned and a second amended declaration consisting of five counts was filed March 28, 1917, more than two years after the date of the injury. A plea of the statute of limitations was filed to the first, second, third and fifth counts of this declaration. Appellee demurred to such pleas and the court overruled the demurrer. Appellee elected to abide by his demurrer and judgment was rendered in bar of the action as to the first, second, third and fifth counts. Appellant's demurrer to the fourth count of this second amended declaration was overruled and it thereafter filed as to such fourth count a plea of the general issue and a special plea of the statute of limitations. Appellee demurred to such special plea and the demurrer was sustained. Appellant elected to abide by such plea and the case was tried solely upon the fourth count of the second

amended declaration, the material allegations of which are: "On November 18, 1914, defendant owned and operated a coal mine in Livingston, Illinois, which was divided into various rooms and entries, among which was room No. 46; that on and prior to November 18, 1914, plaintiff was a servant of the defendant, working in said mine as a loader, and on said day was engaged in loading coal in room No. 46 of said mine; that on said date the roof in said room No. 46 of defendant's said coal mine, in which said room plaintiff was loading coal as aforesaid, was in a dangerous condition, in that the coal in said roof was loose and likely to fall and injure persons working therein; that defendant, on said November 18, 1914, knew that the coal in the roof of said room No. 46 was loose and likely to fall and injure persons working in said room, or could have known of the same by the exercise of ordinary diligence, but that defendant, although knowing of the dangerous condition of said roof, or although it could have known of the same by the exercise of ordinary care, negligently permitted plaintiff to load coal in said room No. 46, under said dangerous roof, whereby plaintiff was struck by a piece of coal which fell from said roof of said room."

Plaintiff then avers injury to his person, the expenditure of money in endeavoring to be cured, the rejection of the Compensation Act by defendant, and lays his damages at $15,000. Appellant offered no evidence and the case was submitted to the jury solely upon evidence in behalf of appellee. The jury returned a verdict for appellee for $2,000, upon which verdict judgment was entered. At the close of the evidence, appellant requested a peremptory instruction, directing the jury to return a verdict in its favor, which the court refused to give.

The proofs showed that at the time of the injury appellant, who was an experienced miner, some 44 years of age, was engaged in driving a crosscut be-

tween rooms 45 and 46 off of an entry in appellant's mine; that the coal had been shot down three days before said date and that the roof of his working place had been loose during said time and was growing worse; that the entry was being driven from room 46 towards room 45 and that the pillar or wall of coal separating appellant's working place from room 45 had become so thin that it could not hold up the roof; that while appellee and his buddy were engaged in loading coal some three or four feet from the face of the crosscut at about 3 o'clock p. m. on November 18, 1914, appellee was injured by a fall of slate from the roof.

Counsel for appellant has argued and cited authorities in support of only three of the seven errors assigned, and as assignments of error on appeal may be considered waived if not argued (*Coyle v. Castle,* 201 Ill. App. 1), we will discuss only the three assignments so argued. The first assignment of error argued by counsel is the court's refusal to give the three following instructions for appellant: "You are further instructed that the company had the right to have the coal in question cleaned up and loaded in cars, and it is not guilty of permitting Fromm to do said work, although the place was dangerous, if you find that Fromm was a skilled and competent miner and had knowledge of the condition of the roof and the dangers, if any, of working thereunder.

"The court instructs the jury that if you find from the evidence that Peter Fromm was an experienced miner and that he knew of the condition of the roof in question, and was mentally able to and did understand the danger of working in said place, then the defendant was not guilty of the negligence charged to it in the declaration, and you should find the defendant not guilty.

"You are further instructed that if you find from the evidence that Fromm was a skilled and competent

miner; that at the time of the accident and for several hours before such time he had full knowledge of the condition of the roof and of the danger of working thereunder; that it was necessary to open the crosscut in question for the purpose of supplying air to the workings of the mine; that in order to open said crosscut it was necessary for Fromm to load the coal he was loading at the time of the accident; that by reason of the closeness of the slate in question to the face of the crosscut it was impossible to prop or secure said slate, and that while Fromm was engaged in his said work said slate fell, causing the injury in question, then the defendant was not guilty of the negligence charged in the declaration, and you should find the defendant not guilty.''

These instructions, in substance, advised the jury that if appellee knew of the dangerous condition of the roof he could not recover, and by them appellant was given the benefit of the doctrine of assumed risk as a defense in this case. The declaration averred, and it was expressly stipulated on the trial, that appellant had elected not to accept the provisions of the Workmen's Compensation Act. Having elected not to accept the provisions of that act, appellant forfeited its right to interpose the common-law defense of assumed risk. *Deibeikis v. Link-Belt Co.*, 261 Ill. 454 [5 N. C. C. A. 401]; *Crooks v. Tazewell Coal Co.*, 263 Ill. 343 [5 N. C. C. A. 410]; *Vaughan's Seed Store v. Simonini*, 275 Ill. 477 [14 N. C. C. A. 1075]; *Bednar v. Mt. Olive & S. Coal Co.*, 197 Ill. App. 251. Under the authorities cited the instructions were improper and it was not error to refuse them.

The next assignment of error discussed by counsel is that the demurrer to the special plea of the statute of limitations was improperly sustained. This raises a question as to whether the fourth count of the second amended declaration, being the one count upon which the case was tried and which was filed more

than two years after the date of the injury, states a cause of action different from that stated in the original declaration. The case is argued by counsel for both parties upon the theory that the cause of action set out in the fourth count of the second amended declaration, which for brevity will hereinafter be referred to as the fourth count, more nearly corresponds to the cause of action set out in the second count of the original declaration, hereinafter mentioned as the second count, than to that contained in any other count filed within two years after the injury. It appears to be conceded by appellant that if count two stated a cause of action, the fourth count, as insisted by appellee, is simply a restatement in proper form of the same cause of action stated in count two, and the demurrer was properly sustained. Counsel for appellant insists that the second count did not state any cause of action, in that it contained no averment showing any duty on the part of appellant to notify appellee of the existence of the loose roof, or that the dangerous condition consisted of a concealed defect, or that appellee was of immature years and could not appreciate the existing danger or that appellee did not have knowledge of the dangerous condition. It is further insisted that as the only negligence charged in the second count was that appellant "Negligently permitted plaintiff to load coal in said room No. 46, after knowledge on the part of the defendant of said dangerous condition," that said count should have showed a duty on the part of the defendant in such regard, which it failed to do. It is true that it was necessary that the count show some duty on the part of appellant to appellee. It was not necessary, however, nor even sufficient for the count to allege simply that it was the duty of appellant to do certain things, but it must state a condition of facts from which the law would raise the duty. (*Mackey v. Northern Milling Co.*, 210 Ill. 115.) In the case of *Bahr v. National*

*Safe Deposit Co.*, 234 Ill. 101, the Supreme Court states the rule as follows: "It is not sufficient in the declaration to allege that it is the duty of the defendant to do certain things, as that would be but the averment of a conclusion, but the declaration must state facts from which the law will raise the duty." Citing *Ayers v. City of Chicago*, 111 Ill. 406; *Chicago & A. R. Co. v. Clausen*, 173 Ill. 100; *Schueler v. Mueller*, 193 Ill. 402.

It is the duty of an employer to use reasonable care to provide an employee a reasonably safe place in which to work (*John S. Metcalf Co. v. Mystedt*, 203 Ill. 333; *Hess v. Rosenthal*, 160 Ill. 621). Count two alleges the ownership and operation of the mine by appellant; that appellee was employed and engaged as a servant of appellant in loading coal in room No. 46 of the mine; that the roof of said room was in a dangerous condition; that appellant knew or by the exercise of ordinary diligence could have known of this condition, and also knew appellee, as such servant, was engaged in loading coal in this room. These allegations showed facts from which the law would undoubtedly impose upon appellant the duty to use reasonable care to furnish appellee a safe place in which to work. The further allegations of count two, that it was the duty of appellant to notify appellee of the dangerous condition of the roof, and that it did not regard its duty in that behalf but negligently and carelessly permitted appellee to load coal in that room, may be treated as surplusage which appellee was not required to prove. A plaintiff is only required to prove such of the material averments of his declaration as are sufficient to make a case (*Chicago West Division Ry. Co. v. Mills*, 105 Ill. 63; *Louisville, N. A. & C. Ry. Co. v. Shires*, 108 Ill. 617). In cases of this character it is necessary to aver three elements to state a cause of action: (1) The existence of a state of facts from which the law will raise a duty on the

part of defendant to protect plaintiff; (2) the failure of defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. After rejecting the surplusage in count two, all these elements are found therein though defectively stated. The material facts alleged in count two show the existence of a duty on the part of appellant to use reasonable care to furnish appellee a safe place in which to work, the failure to perform it and an injury to appellee in consequence of such failure, though it was a defective statement of such facts. The fourth count is a statement of the same condition of facts, but without any surplusage and in a better form. It is the well-settled doctrine of this State that if an original declaration is filed in apt time stating a cause of action, though imperfectly or defectively, subsequent amendments, though filed after the statute of limitations has run, will not be barred thereby if they amount to no more than a restatement, in a different or better form, of the cause of action originally declared upon. (*George B. Swift Co. v. Gaylord*, 229 Ill. 330; *St. Louis Merchants' Bridge Terminal Ry. Ass'n v. Schultz*, 226 Ill. 409; *McInerney v. Western Packing & Provision Co.*, 249 Ill. 240; *Vogrin v. American Steel & Wire Co.*, 263 Ill. 474.)

The third and last assignment of error argued by counsel is that the peremptory instruction should have been given. The only negligence charged in the fourth count was that appellant negligently permitted appellee to work under a dangerous roof. This was the only question of fact to be determined by the jury. No evidence was offered by appellant. Appellee and two witnesses testified to the dangerous condition of the roof for one or two days prior to the accident and another witness testified to its condition at and after the accident. This evidence warranted the verdict on the question of negligence and it was not error to refuse the peremptory instruction. We find no sub-

stantial error in this record and the judgment of the trial court will be affirmed.

*Affirmed.*